## O'CONNELL *v.* SUPREME CONCLAVE KNIGHTS OF DAMON.

1.  "Where a life-insurance policy is made conditional on the statements in the application being true, and the application states that the facts stated are true to the best of the applicant's knowledge and belief, it will not avail the company as a defense to show that the facts stated were false, without showing that they were known to be false."
2.  Though a policy of life-insurance may stipulate that it is issued on condition that the statements made by the insured in his application for the

same and in the statement certified by him to the company's medical examiner "be made a part of this contract," and though in the application the insured made certain representations as to his age, which the company, in defense to an action upon the policy, pleaded were false and fraudulent, it was not incumbent upon the plaintiff to prove affirmatively that these representations were true, but the burden of showing the contrary was on the defendant.

3. Whether the act of an officer of a subordinate lodge of a given order is, in a particular instance, binding upon the "supreme conclave" of the same order, depends upon the relation of the former to the latter, as defined by its constitution and by-laws and upon what is therein provided; and this being so, it can not, in the absence of the necessary information on these points, be intelligently determined whether or not the payment of an assessment to an officer of the subordinate lodge would in legal contemplation be a payment to the "supreme conclave."

Argued June 19, — Decided August 4, 1897.

Action on insurance policy.   Before Judge Felton.   Bibb superior court.   April term, 1896.

*Hardeman, Davis & Turner*, for plaintiff.
*Steed & Wimberly* and *A. W. Lane*, for defendant.

FISH, J.   The application for insurance, signed by Cornelius O'Connell, stated : "I  .  .   do declare upon my honor that the statements by me subscribed herein, are each and every one of them true, to the best of my knowledge and belief."   It also contained the further statement:   "I do hereby consent and agree that any untrue or fraudulent statement made above, or to the medical examiner, or any concealment of facts by me in this petition, shall forfeit the rights of myself, my beneficiaries and my family or dependents to all benefits and privileges therein."   The benefit certificate stated:   "This certificate is issued to Cornelius O'Connell,  .  .   upon condition that the statements made by said person in the petition for this membership  .  .   and the statements certified by said petition to the medical examiner  .  .  be made a part of this certificate."   The judge charged, in effect, that if O'Connell was materially older, when he made the application, than he represented himself therein to be, then the policy issued to him upon the faith of such representation would be void, because such representation was a material warranty.   While section 2097 of the Civil Code provides that: "Every application for insurance

must be made in the utmost good faith, and the representations contained in such application are considered as covenanted to be true by the applicant," and section 2098 prescribes that: "Any verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true, or the policy is void"; and while the general rule is well settled, that the effect of a material warranty is to make void the policy if the statements made are not literally true, without regard to the wilfulness of the falsity (11 Am. & Eng. Enc. L. 291; Bliss on Ins. § 38; 1 May on Ins. § 156), yet, in the case now under consideration, the application, which is made a part of the benefit certificate, while stating that the applicant was fifty-four years of age at his last birthday, also states that he declares upon his honor that the statements subscribed are each of them true " to the best of my knowledge and belief." This qualification was not called to the attention of the jury in the charge. It can not be said, under such a statement, that the applicant assumed, or attempted to assume, the whole risk of his answer being true. It is a statement that he believes himself to be fifty-four years old, and that to the best of his knowledge his statement was true. It was, therefore, material whether or not the applicant knew his statement to be false. The court by its charge, instead of putting the case to the jury in this light, instructed them, in effect, that the applicant assumed the whole risk of the consequences, if his answer turned out to be untrue. If the statement had been made without this qualification, then the sections of the code above cited and the general rule as to warranties would have been applicable, and the charge, in this respect, correct. If O'Connell's statement can be considered as amounting to a warranty at all, it is nothing more than a warranty that, so far as his information and knowledge extended, he was fifty-four years of age at his last birthday. Under such warranty, or mere representation, whichever it may be called, in order to defeat a recovery upon the policy, it would be necessary to show that the applicant knew, or had reason to believe, that he was over fifty-four years old when the application was made. See Ham v. National Union, 97 Mich. 513, s. c. Am. St. R. 365, where the statement

in the application and certificate were almost identical with the statements here. In Clapp v. Mass. Benefit Association, 146 Mass. 519, s. c. 16 N. E. Rep. 433, where a certificate of benefit insurance was issued on the condition that the statements of the application, which were made a part of the contract, were "in all respects true," and an acknowledgment at the end of the application recited that the applicant does "hereby warrant each of the foregoing statements to be true to the best of my knowledge and belief, and that I have not concealed any material information," agreeing that any "untrue or fraudulent statements" made by or for him should forfeit the insurance, it was held, that the words "best of my knowledge and belief" qualified the words "untrue and fraudulent statements," as well as the word "true." In that case Devens, J., delivering the opinion of the court, said: "Undoubtedly the acknowledgment may grammatically be separated into two parts: the first a warranty that the statements made are true according to the best of the applicant's knowledge and belief, and the second an agreement that any untrue or fraudulent statement may forfeit the contract. But if susceptible of such a grammatical construction, it can hardly have been intended that it should have been thus understood. Nor would it be a natural construction, and one that would suggest itself to an applicant. He could not suppose that, while he was only required to warrant that his answers were true according to his 'knowledge and belief,' his certificate or policy was to be forfeited if an answer honestly made should prove in fact untrue. The language used in the form of an acknowledgment does not suggest any idea so much in the nature of a contradiction as this. . . . These forms are prepared by the insurer with great care and great minuteness of detail. They are often signed in comparative haste. . . . If the association had intended to impose a forfeiture of his certificate upon the applicant because of an untrue statement, while it had only required of him to warrant that his statements were true to the best of his knowledge and belief, a contract so anomalous should have been clearly expressed. It must be presumed that the defendant prepared its forms of application

and certificate with the intention both of protecting itself against fraud and of securing the just rights of the assured under a valid contract. It is reasonable that its words should be construed against itself, rather than in such a manner that one dealing with it should by any ambiguity be deceived as to his rights." We are of the opinion that the judge should, in the case at bar, have submitted to the jury the question as to whether or not O'Connell acted in good faith in making his answer to the question about his age propounded in the application. If the answer was made in good faith, the applicant believing it to be true from his best knowledge upon the subject, then the plaintiff would have been entitled to recover as against the plea of the falsity of the answer; but if, on the contrary, the answer did not state the matter thereof truly, and intentionally did not state it truly to his best knowledge and belief, then the plaintiff would not have been entitled to recover as against such plea. See Anders *v.* Supreme Lodge Knights of Honor, 51 N. J. L. Rep. 175; Mulville *v.* Adams, 19 Fed. Rep. 887; Redman *v.* Hartford Fire Ins. Co., 47 Wis. 89, and 1 May on Ins. § 161.

2. The judge charged substantially that the burden was upon the plaintiff to prove that O'Connell, in his answer to the question in the application, truthfully stated his age. The action was complaint, and the petition said nothing of the application, referring only to the policy, a copy of which was attached to the petition. The defendant pleaded that: "This defendant says that it is not indebted to the plaintiff in any sum whatever upon said certificate of insurance; for that the said Cornelius O'Connell procured the same to be issued to him . . by false and fraudulent representations regarding his age and other matters, for the purpose of inducing said conclave to issue said certificate contrary to its rules," etc. The defendant in this plea distinctly alleged fraud; and the rule ordinarily is, that the party alleging fraud must prove it. There is nothing here to vary the rule. The burden was upon the defendant to satisfy the jury, by a fair and reasonable preponderance of the evidence, that O'Connell made false and fraudulent representations regarding his age, for the pur-

pose of inducing the defendant to issue him the certificate. The statements in the application, being qualified as being true to the best of the applicant's knowledge and belief, were not conditions precedent, the truth of which plaintiff had to prove before she could recover. Clapp v. Mass. Benefit Assn., supra. In *Travelers Ins. Co.* v. *Sheppard*, 85 *Ga.* 758, which was complaint on an insurance policy annexed to the petition, nothing being said in the petition about the application, Bleckley, C. J., delivering the opinion, said: "Tested by the code, § 3392, the pleading was quite sufficient; and we think it follows that in making a prima facie case for recovery, the action is to be treated as founded on so much of the contract as is set forth in the policy, leaving stipulations, warranties and conditions expressed only in the application to be brought to the notice of the court defensively by the company. This view of the relation of the policy to the application is perhaps sound independently of statutory provisions." See authorities there cited.

3. In reference to the other charge complained of, it is only necessary to say, that whether the act of an officer of a subordinate lodge of a given order is, in a particular instance, binding upon the "supreme conclave" of the same order, depends upon the relation of the former to the latter, as defined by its constitution and by-laws and upon what is therein provided; and this being so, it can not, in the absence of necessary information on these points, be intelligently determined whether or not the payment of an assessment to an officer of the subordinate lodge would, in legal contemplation, be a payment to the "supreme conclave."

*Judgment reversed. All the Justices concurring.*