## LAMB v. EMPIRE LIFE INSURANCE COMPANY.

1. Where a writing is offered in evidence, to which there is a subscribing witness, the latter must be produced in all cases, except in the five instances specified in the Civil Code, § 5833, and those named in § 5832.
   (a) This case does not fall within any of the exceptions enumerated in the Civil Code.
   (b) Where on the trial of a suit by a beneficiary in a life-insurance policy, to recover the amount named in the policy, the company defended on the ground that the reinstated policy sued upon was void by reason of certain alleged false and fraudulent representations the insured made in the application for reinstatement of the policy, which had lapsed for non-payment of the premium when due, it was error to receive in evidence secondary evidence of the execution of the application to reinstate, without preliminary proof accounting for the subscribing witness thereto.
2. The evidence as to the representations made by the insured in order to obtain a reinstatement of the policy having been improperly admitted, it was error to direct a verdict in favor of the defendant.

                · FEBRUARY 11, 1915.

Action upon insurance policy. Before Judge Mathews. Bibb superior court. December 6, 1913.

L. D. Moore, for plaintiff. Little, Powell, Hooper & Goldstein and Hatcher & Smith, for defendant.

HILL, J. Louisa Lamb, as the beneficiary under a policy of life insurance, brought suit against the Empire Life Insurance Company to recover the amount alleged to be due under the policy. The plaintiff alleged, in effect, that the policy was in force. The defendant undertook to contest that issue, not on the fact that there had been any failure to pay premiums, but on the ground that the policy had lapsed and that there had been fraud on the part of the insured in procuring its reinstatement. The burden, therefore, was on the defendant to make good its affirmative plea. See O'Connell v. Knights of Damon, 102 Ga. 143 (2), 147 (28 S. E. 282, 66 Am. St. R. 159). As a foundation for proving this plea, the defendant offered in evidence an application for reinstatement, purporting to be signed by the insured, and containing certain representations which the insurer claims to have been false and which related to a subject materially affecting the risk. This application was attested by a witness. Objection to its admission in evidence was made on the ground that the subscribing witness was not produced, or his absence accounted for. The court overruled the objection and allowed proof to be made other than by the subscribing witness. The Civil Code declares that where a writing attested by witnesses is

offered in evidence, the subscribing witness must be produced, or his absence accounted for, except in the instances enumerated in sections 5832 and 5833, in none of which the present case falls. It was therefore error for the court to receive in evidence any testimony respecting the execution of the alleged application for reinstatement, without preliminary proof accounting for the subscribing witness.

Inasmuch as the court erred in admitting in evidence the application for reinstatement of the policy without preliminary proof accounting for the subscribing witness thereto, and all the subsequent testimony received on the trial relative to the representations contained in the application was for that reason also erroneously admitted, it was error to direct a verdict for the defendant.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*