## GLOBE & RUTGERS FIRE INSURANCE CO. *v.* WALKER.

1. Where a policy of fire insurance contains a stipulation that " the assured is the sole and undisputed owner, absolutely in fee simple, of the land on which the insured buildings stand, unless it is otherwise expressed in writing hereon," and where in the same policy it is provided that " Privilege is granted for any of the above-described buildings to stand on leased ground, or ground the property of others, or upon ground to which the title may be questioned;" and where, at the time application for insurance was made, the insurance company through its solicitor, or agent, knew that the applicant did not own the land on which the building sought to be insured was situated, the company will not be heard, in defense to an action on the policy, to set up noncompliance by the plaintiff with the first-stated condition of the contract.

2. Where a policy of fire insurance provides: " This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the

customary short rate; except that when this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium," such policy can not be cancelled by the insurer without tendering to the assured the unearned portion of the premium so paid.

3. So much of the Civil Code (1910), § 2443, defining who is an insurance agent, as was construed and concretely applied by the judge to the facts of this case, is not unconstitutional for any of the reasons assigned.

4. Under the evidence the jury was authorized to find for the insured damages and attorneys' fees.

5. Applying the principles announced in the preceding notes, the court did not err in any of the rulings on the admissibility of evidence, or in instructions to the jury, or in failing to charge.

6. The alleged newly discovered evidence was merely impeaching in character, and would not likely produce a different result on another trial.

7. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

8. None of the other grounds of the motion for new trial show cause for reversal.

No. 1585. MAY 12, 1920.

Action upon fire-insurance policy. Before Judge Ellis. Fulton superior court. March 20, 1919.

Milt Walker brought suit against the Globe & Rutgers Fire Insurance Company of the City of New York, having an agency and place of business in Fulton County, Georgia, and an agent, J. L. Riley of the firm of J. L. Riley & Company, for the recovery of the amount due on a fire-insurance policy issued by the company to insure a certain gin-house building, outfit, etc., belonging to the plaintiff. The petition alleged that the plaintiff was approached by one Elder, who claimed that he represented the defendant insurance company, and solicited an application for insurance on the gin-house and gin outfit and property located on the premises whereon the gin property stood. In consideration of the payment by the plaintiff to the defendant of the premium of $135, the defendant by its agent executed a policy of insurance in writing, a copy of which was annexed to the petition, whereby the defendant insured plaintiff against loss or damage by fire to the amount of $3,000 upon his gin-house and contents, etc., the property being described with valuations in detail. It was alleged, that after the policy was issued the gin-house and contents were totally destroyed by fire, making a total loss of the full value of the property, $3,000; that at the time of taking out the insurance and from that time until the

fire occurred, the plaintiff had an interest in the property insured to an amount exceeding the amount of the insurance, to wit: $3,600; that the plaintiff had fulfilled all the conditions of the insurance contract on his part more than sixty days prior to the commencement of his suit; that he gave in writing to the defendant, properly addressed to its place of business at New York, a notice and proof of the fire and loss to the amount of $2,600; that in response to the notice the defendant's agent came to the place where the gin had been burned, and, together with plaintiff, went over the loss and adjusted the same as being $2,400, the amount of the loss, without admitting liability. Plaintiff demanded the payment of the sum of $2,400, but defendant has failed and refused to pay same or any part thereof. One clause of the policy was as follows: "Ownership and Title. That the assured is the sole and undisputed owner, absolutely in fee simple, of the land on which these buildings stand, unless otherwise expressed in writing hereon." Another provision in the policy, in writing signed "J. L. Riley & Co., Agents," is as follows: "Privilege is granted for any of the above-described buildings to stand on leased ground, or ground the property of others, or upon ground to which the title may be questioned." It was alleged that the refusal on the part of the defendant to pay the loss sustained under the policy was without excuse in law and in fact, and was in bad faith; and the plaintiff prayed that in addition to the amount due him under the policy he be allowed to recover $500 as reasonable attorneys' fees and twenty-five per cent. of the liability of the company as damages.

The defendant filed an answer in which it denied its liability for any sum whatsoever, and averred, among other things, that the plaintiff in applying for insurance represented that the real estate on which the property was located was his and that the same was only mortgaged, or otherwise encumbered, to one H. M. Amis, to secure an indebtedness of $800, whereas in fact, unknown to the defendant, the fee-simple title to the land upon which the buildings were erected was not, and never had been, in the plaintiff, but was at the time in H. M. Amis, and the plaintiff had only a right of occupancy of the same under and by virtue of a lease contract. It was averred that the policy contained a provision that the same should be void if the interest of the

insured be other than as an unconditional and sole owner; and should be void if the insured had concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance or on the subject thereof, or if the insured's interest in the property was not truly stated therein. It was further averred that the policy contained the following provision: "This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation; and that in accordance with this provision the defendant gave written notice that at the expiration of five days from the date of the notice the policy of insurance would be cancelled, and that on and after the expiration of five days the policy was and became cancelled and was not in force or effect on the date of the fire, and was not at the time of the fire a legal and binding obligation upon the defendant. It was further averred that Edwin Elder, who secured the application for the policy of insurance, was not at the time the policy was issued, and never had been, the agent of the defendant, nor was he ever authorized to act for or in behalf of the defendant in or about making the contract of insurance, but that he represented himself to be the agent of the insured, Milt Walker; and that he was never authorized in writing or otherwise to represent the defendant with respect to the matter of application or policy of insurance. It was further averred that the policy sued on contained the following provision: "In any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company." Defendant avers that Civil Code (1910), § 2443, which is as follows: "Any person who solicits in behalf of any insurance company, or agent of the same, incorporated by the laws of this or any other State or foreign government, or who takes or transmits, other than for himself, any application for insurance or any policy of insurance to or from such company, or agent of the same, or who advertises or otherwise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk at any time, or receive or collect or transmit any premiums of insurance, or make or forward any diagram of any building or buildings, or do or perform any other act or thing in the making

or consummating of any contract of insurance for or with any such insurance company, other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or in behalf of any such company, whether any of such acts shall be done at the instance or request or by the employment of such insurance company, or of, or by, any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken," is unconstitutional and void as being violative of par. 2, sec. 3, art. 1 of the constitution of the State of Georgia as contained in § 6389 of the Civil Code, wherein it is provided, that "No bill of attainder, ex post facto law, retroactive law, or law impairing the obligation of contracts or making irrevocable grants of special privileges or immunities, shall be passed." It is also averred that the section of the code above referred to is unconstitutional and void for the reason that it violates art. 14 of the amendment to the constitution of the United States as contained in § 6700 of the Civil Code, and the due-process clause thereof, and is violative of art. 1, sec. 10, of the constitution of the United States as contained in § 6652 of the Civil Code, wherein it is provided that "No State shall . . pass any . . law impairing the obligation of contracts."

On the trial the jury returned a verdict for the plaintiff in the sum of $2,400 principal, with seven per cent. interest from September 1, 1915, and $120 as damages and $240 as attorneys' fees. A motion for new trial, upon various grounds, was overruled, and the defendant excepted.

*Moore & Pomeroy,* for plaintiff in error.

*Brown & Brown* and *Brewster, Howell & Heyman,* contra.

HILL, J. (After stating the foregoing facts.)

1. From the foregoing statement of facts it will be observed that the policy of fire insurance sued on contained the following conditions: "That the assured is the sole and undisputed owner, absolutely in fee simple, of the land on which these buildings stand, unless otherwise expressed in writing hereon." It is insisted that the policy is void on the ground that certain evidence introduced on the trial of the case showed that the plaintiff did not own absolute title to the property, but that the assured merely had a leasehold interest in the same. But this contention loses sight of another provision in the policy, to wit: "Privilege is

granted for any of the above-described buildings to stand on leased ground, or ground the property of others, or upon ground to which the title may be questioned." Also on the trial of the case the plaintiff testified: "This is the application for insurance that I signed. I paid Edwin Elder [the solicitor] $5 in money and gave him a check for $130. I signed this contract, which is signed by me and H. M. Amis [the lessor]. The boilers that were destroyed were built by me. I told Mr. Elder at the time I applied for the policy, I explained to him that I had bought the property from Mr. Amis, everything but the land was mine, and that I had a ten-year lease on the land. I told him that I owed some on it. He asked me how much, and I says $800 or $1,000, may be more." It will be seen that there is express provision in the policy itself granted to the assured to erect buildings on leased ground, or ground which is the property of others, or even upon ground to which the title may be questioned; and from the evidence it appears that the insured did erect buildings upon leased land, and that the buildings and their contents were destroyed by fire. The solicitor, who is held in the third division of this opinion to be the agent of the company, collected the premium from the insured and delivered the policy to him with the knowledge that it contained such conditions. That being true, under numerous adjudications of this court in similar cases, the insurer is bound by such conditions. *Springfield Fire Ins. Co.* v. *Price,* 132 *Ga.* 687 (64 S. E. 1074); *Athens Mutual Ins. Co.* v. *Ledford,* 134 *Ga.* 500 (68 S. E. 91); *Johnson* v. *Ætna Ins. Co.,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92); *Atlas Ins. Co.* v. *Kettles,* 144 *Ga.* 306 (87 S. E. 1). And see authorities cited in the case of *Supreme Lodge* v. *Few,* 138 *Ga.* 778, 784 (76 S. E. 91).

2. Another condition of the policy is as follows: "This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium." The in-

surer did not tender to the assured the unearned portion of the premium paid by him, and the insurer could not cancel the policy without tendering to the assured the unearned portion of the premium so paid by him. *Hollingsworth* v. *Germania &c. Fire Ins. Cos.*, 45 *Ga.* 294 (12 Am. R. 579). See Civil Code, § 4305.

3. Error is assigned upon the following charge of the court to the jury: "The statutory declaration of the law of this State is that any person who solicits in behalf of any insurance company, or agent of the same, incorporated by the laws of this or any other State or foreign government, or who takes or transmits, other than for himself, any application for insurance or any policy of insurance to or from such company or agent of the same, or who advertises or otherwise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk at any time, or receive or collect or transmit any premiums of insurance or make or forward any diagram of any building or buildings, or do or perform any other act or thing in the making or consummating of any contract of insurance for or with any such insurance company, other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or in behalf of any such company, whether any of such acts shall be done at the instance or request or by the employment of such insurance company, or of, or by, any broker or other person, shall be held to be the agent of the company for which the act or the risk is taken." The ground of objection to the charge is that Civil Code (1910) § 2443, upon which the charge is predicated, is unconstitutional and in violation of the fourteenth amendment to the constitution of the United States, wherein it is provided that no State shall deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the law; and in violation of sec. 10, art. 1, of the constitution of the United States, wherein it is provided that no State shall pass any law impairing the obligation of contracts. It is also insisted that the code section in question is unconstitutional and void, for that it is in violation of par. 2, sec. 3, art. 1 (Civil Code, § 6389) of the constitution of the State of Georgia, wherein it is provided that no law impairing the obligation of contracts shall

be passed. This charge comprises the substance of the entire section of the code (§ 2443) defining who is an insurance agent. We will not here decide whether that portion of the statute which declares that " whether any of such acts [referring to the acts enumerated in the preceding part of the section] shall be done at the instance or request or by the employment of such insurance company, or of, or by, any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken," is violative of the portions of the State and Federal constitutions specified in the exceptions, or not; but so much of the section defining who is an insurance agent, and as precedes that part of the statute quoted, is not unconstitutional for any of the reasons urged; and the judge in other portions of the charge summarized that part of the statute which is applicable to the facts in evidence in the case, and made a concrete application of the law to those facts in such a way that the jury had the material questions of agency, and his authority, clearly before them; and inasmuch as that part of the charge concretely applying the law of the case to the facts was correct and presented the real issue involved in this part of the case, the judgment will not be reversed for this charge, although it did include a part of the statute which may be objectionable, and which was not applicable to any of the facts of the case, and which could have been omitted, whether unconstitutional or not, because not applicable to the evidence. See American Fire Ins. Co. v. King Lumber & Mfg. Co., 250 U. S. 2 (39 Sup. Ct. 431, 63 L. ed. 810). The foregoing charge, so far as applicable, was predicated upon the following evidence: The testimony of Edwin Elder tended to show that for the past twenty-five years he had been engaged in the fire-insurance business in middle Georgia; that he had had business relations with J. L. Riley & Co., who were the agents of the Globe & Rutgers Fire Insurance Co. In August or September, 1914, he corresponded with them with reference to entering into some sort of arrangement by which he could write fire insurance in his territory in middle Georgia, especially " ginnery insurance." He went to Atlanta and had an interview with an officer of the company, one of the parties connected with the firm of J. L. Riley & Co., by which it was agreed that Elder was to write insurance for the Globe & Rutgers Fire Insurance Co.,

and he entered into a contract with them to solicit insurance for that company on an agreed commission of fifteen per cent. It was agreed that the witness was to go into the territory, inspect gins, and solicit insurance and collect the premiums for the company. The witness was to make collection of premiums after he had delivered the policies, and had the option of making remittances at any time in sixty or ninety days from the date the application was filed in the office and policies were delivered to the applicant. They sent witness a batch of regularly printed applications. After this agreement witness went to the plaintiff, Walker, at his place of business, where he was operating a complete gin system. Witness solicited insurance on Walker's property for J. L. Riley & Co., and the Globe & Rutgers Fire Insurance Co. Walker filled out an application blank and paid the witness $5 in cash and a check for $130, for which witness gave Walker a receipt. The application for the insurance was forwarded by witness to J. L. Riley & Co. in Atlanta. They wrote the policy and forwarded it to the witness for delivery to Mr. Walker. This policy was delivered to Walker, "except the first form was then the only form attached thereon." A few days later witness received a letter from Riley & Co., in which it was stated that the general office of the fire-insurance company in New York would have to change the form of the policy; instead of making it a blanket form they would have to itemize the different items of insurance "according to the property." They called in the policy for amendment, and it was forwarded to them and they attached the amended form, and Elder persuaded Mr. Walker to accept the amendment, which he did. Changing the form did not change the premium. Walker never did employ witness to act as his agent to secure the insurance for him; in securing the insurance Elder was representing J. L. Riley & Co. He had authority from them to take applications and collect premiums. He never tendered back to Mr. Walker the premium received for this insurance, and was never instructed to do so by Riley & Co. A controversy arose between Elder and Riley & Co. about that time with respect to the commissions, and Riley & Co. served Walker with notice of cancellation of the policy, and he let the matter remain in statu quo. Elder had a copy of the letter which was sent to Mr. Walker by Riley & Co. He still kept the

money for the premium. He did not tender it back to Mr. Walker, because the latter did not care for it. He made an effort to rewrite the insurance in some other company, but Mr. Walker turned that down; he said he would hold to the contract he had. Mr. Walker "stood pat" on his policy, and would not accept the new policy Elder sent in substitution of the first, which was sent by mail. Mr. Walker consented to a substitution of the second form in place of the first form attached to the policy, and agreed to it. Elder received the notice of cancellation, and his purpose was to secure the policy from Walker and send it to Riley & Co. and pay them the earned premium up to that time, amounting to about $22. He sent Mr. Walker the new policy with that understanding.

From this evidence, and under the charge of the court as applicable to the facts, the jury were authorized to find that Elder was the agent of the defendant company; that he solicited the insurance, collected the premium, corresponded with the defendant company with reference to this particular insurance policy; and the mere fact of a controversy between the agent and the insurance company with reference to the commissions to be allowed the agent, and his failure to remit the premium collected on the policy, does not affect the question of his agency.

4. Civil Code (1910), § 2549, provides: " The several insurance companies of this State, and foreign insurance companies doing business in this State, in all cases when a loss occurs, and they refuse to pay the same within sixty days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss, not more than twenty-five per cent. on the liability of said company for said loss; also, all reasonable attorney's fees for the prosecution of the case against said company: Provided, it shall be made to appear to the jury trying the same that the refusal of the company to pay said loss was in bad faith." The evidence shows that Walker, the insured, disclosed to the solicitor for the insurance company, his exact interest in the property to be insured at the time the application was signed by him; and in these circumstances we think that the company is chargeable with notice of what interest Walker claimed in the property; and this being so under the evidence in the case, the jury were

authorized to find that the refusal to pay the amount named in the policy after notice was in bad faith, and therefore that the insured was entitled to recover damages and attorney's fees.

5. The verdict was supported by evidence.

6 Headnotes 5, 6, 7, and 8 require no elaboration.

*Judgment affirmed. All the Justices concur.*