19267. ALLIANCE INSURANCE COMPANY *v.* POSS *et al.*

JENKINS, P. J. 1. "Where a policy of fire insurance provides: 'This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy of last renewal, this company retaining the customary short rate; except that when this policy

is cancelled by this company by giving notice, it shall retain only the pro rata premium,' such policy can not be cancelled by the insurer without tendering to the assured the unearned portion of the premium so paid." *Globe & Rutgers Ins. Co.* v. *Walker*, 150 *Ga.* 163 (3) (103 S. E. 407); *Hollingsworth* v. *Germania &c. Fire Ins. Co.*, 45 *Ga.* 294 (12 Am. R. 579).

2. Where one who was not the agent of, and did not represent, the insurance company, but who was acting for and on behalf of a client, negotiated with one who was the agent of the company for the issuance of a policy of fire-insurance to the client, and, on the issuance, delivery, and acceptance of the policy, paid the premium to the agent of the company, which premium was received and accepted by the company, the amount thereof being charged by the agent procuring the policy to an account with the insured already carried on his books, even though under such circumstances it could be assumed that the person so negotiating for the insurance could be held, under the provisions of section 2443 of the Civil Code (1910), to be the agent of the company issuing the policy, the payment of the premium by such person for and on behalf of the client, and its receipt and acceptance by the company, after the issuance and acceptance of the policy, amounted to payment of the premium by the insured, so as to bring the transaction within the application of the rule stated in the first division of the syllabus.

3. The agreed statement of facts failing to show a tender by the insurer of the unearned portions of the premium, so as to render the notice of cancellation effectual, under the ruling in *Globe & Rutgers Fire Ins. Co.* v. *Walker*, supra, and there being nothing to indicate a cancellation of the policy by agreement (the negotiations for cancellation never having been consummated), the contract was in force at the time of the loss, and the court did not err in so finding.

4. The fact that after the loss the insured paid to the person who negotiated the policy, and who advanced the premium, only the amount of the earned premium, and that the unearned premium was, after the loss, returned by the company to the person who advanced it, would not operate to change the rule, since the rights of the parties were fixed by the status of the policy at the time of the fire. Since, however, the insurance company, while receiving the entire premium, actually repaid a portion thereof to the person who advanced it for the insured, the amount so returned should have been deducted from the recovery; and it is directed that this be done.

*Judgment affirmed, with direction. Stephens and Bell, JJ., concur.*

W. A. *Slaton, Spalding, MacDougald & Sibley,* for plaintiff in error.

B. W. *Fortson, Horace M. Holden,* contra.