McEntire, receiver, *v.* John Hancock Mutual Life Insurance Company *et al.*

Hill, J. This case was before the Supreme Court on a former occasion (172 *Ga.* 421, 157 S. E. 494), when this court held: "The grantee in a deed conveying land as security for payment of money loaned being no party to and having no notice of subsequent proceedings to establish, under the act of 1911 (Ga. L. 1911, p. 108), a drainage district including part of the land so conveyed, was not bound by those proceedings, to which the grantor (borrower) was a party." When the remittitur was filed in the trial court the judge rendered a judgment in conformity with the ruling of the Supreme Court. To this judgment the plaintiff in error filed exceptions, and brought the case again to the Supreme Court. "A decision by the Supreme Court is controlling upon the judge of the trial court, as well as upon the Supreme Court when the case reaches that court a second time. The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case." *Western & Atlantic R. Co.* v. *Third National Bank*, 125 *Ga.* 489 (54 S. E. 621), and cit. See *City of Atlanta* v. *Smith*, 165 *Ga.* 146 (140 S. E. 369). Applying the rule stated above to the facts of this case, the court did not err in the judgment rendered.

*Judgment affirmed. All the Justices concur.*

No. 8528. January 14, 1932.

*George L. Goode,* for plaintiff in error.

*J. D. Bradwell, R. T. Camp, T. G. Dorough, Little, Powell, Reid & Goldstein,* and *J. H. & Emmett Skelton,* contra.