348

McENTIRE *et al.,* receivers, *v.* JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY.

No. 9017.   February 15, 1933.

*George L. Goode* and *D. T. Barnes,* for plaintiffs in error.
*J. D. Bradwell,* contra.

Hill, J. (After stating the foregoing facts.) In *John Hancock Mutual Life Insurance Co.* v. *Williams,* 172 *Ga.* 421 (157 S. E. 494), a case involving this same drainage district, and one of the parties being the same, this identical question was ruled on. There this court held: "The grantee in a deed conveying land as security for payment of money loaned being no party to and having no notice

of subsequent proceedings to establish, under the act of 1911 (Ga. L. 1911, p. 108), a drainage district including part of the land so conveyed, was not bound by those proceedings to which the grantor (borrower) was a party." This principle was also stated in *McEntire* v. *John Hancock Mutual Life Insurance Co.*, 174 Ga. 158 (162 S. E. 134), where the parties and the question at issue were the same as in the present case. Plaintiffs in error "respectfully request this court to review, overrule, and reverse its decision" in the two cases just cited, "in so far as the same may affect the principle involved in the decision sought to be reviewed and reversed." Plaintiffs in error also state in their brief that "It is of course conceded that if the principle announced in this case is the law, then the judgment of the court below must and should be affirmed." Those cases have been reviewed, and we are of the opinion that they state sound principles of law, and we must decline to overrule them. The principle ruled in those cases is controlling of the question at issue in the present case; and the judgment of the lower court is

*Affirmed. All the Justices concur, except Beck, P. J., who dissents.*