LANKFORD *et al.* v. MILHOLLIN *et al.*

No. 15600.   OCTOBER 8, 1946.   REHEARING DENIED NOVEMBER 15, 1946.

*W. C. Lankford,* for plaintiff.

*R. A. Moore* and *Memory & Memory,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) On several different occasions this litigation has found its way to this court, the most recent appearance here being *Lankford* v. *Milhollin,* 200 *Ga.* 512 (37 S. E. 2d, 197). In that case this court held by unanimous decision: "Where tenants in common sue for an accounting for rents and profits against their cotenants, and a cross-action is filed by the latter for partition by sale of the common property, such cross-action is germane to the original suit, and it is within the power of the court on a proper showing to order a sale of the common property prior to the trial of the main accounting suit, and by decree to order the funds held in court pending the trial of the original cause. Whether such partition proceeding would be heard before the trial of the suit for accounting was a matter resting within the sound discretion of the court, and it does not appear that such discretion was abused." Such clearly was a holding by this court that partition by sale could be had prior to the trial of the issues made in the accounting feature of the case for all reasons which were then assigned to the contrary, or which under rules of law could have been assigned. By the petition and in briefs submitted by counsel for the plaintiffs in error, rather lengthy observations appear concerning the decision in that case. However, the opinion speaks for itself, and it is sufficient to say here, as was said in *McEntire* v. *John Hancock Mutual Life Ins. Co.,* 174 *Ga.* 158 (162 S. E. 134), "A decision by the Supreme Court is controlling upon the judge of the trial court, as well as upon the Supreme Court when the case reaches that court a second time. The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case."

The plaintiffs in error most earnestly insist that partition by sale of the common property should be delayed until a sum of money alleged to be due them by some of the defendants in error for rents, issues, and profits, received by them from a use of their undivided half of the common property, can be determined; and that the judgment for whatever amount may be found due should be set up as a special lien against the other undivided half interest in the common property claimed by such defendants. The defendants in error insist that there are no valid reasons why the sale of the common property should not be made as ordered, and that the questions here raised are res judicata. The question we are to decide is: Is any valid reason now assigned, which has not been adjudicated, or which under the rules of law could not have been adjudicated, why the relief prayed for should have been granted by the trial court?

The bill of exceptions contains eight assignments of error, and as denominated by the plaintiffs in error, four more specific assignments of error, as follows:

"(a) The sale should have been enjoined until said plaintiffs, now in the military and naval services, have been discharged, and can attend said sale.

"(b) The sale should have been enjoined until the final trial of plaintiffs' petition to set said order to sell aside because four of the plaintiffs were out of the State when said order was granted.

"(c) For all the reasons alleged, the sale should have been enjoined until and after there had been a final trial of plaintiffs' suit for accounting.

"(d) It having been alleged and established by undisputed evidence that there is no allegation whatever to support said order to sell, in whole or in part, and that the order is void for this reason, any enforcement of same should have been enjoined."

Counsel for the plaintiffs in error, in his oral argument in this court and in his original and a supplemental brief, expressly abandoned the first specific assignment of error. However, he has since filed a withdrawal of the abandonment. The record in this case discloses that counsel for the previous plaintiffs in error, prior to the rendition of the judgment directing partition by sale on April 16, 1945, expressly waived the rights of his clients, also the plaintiffs in error here, to a stay of proceedings under the Soldiers' and

Sailors' Relief Act. Upon the faith of that waiver the trial court and this court acted when this case was last here. The plaintiffs in error will not now be heard to withdraw the waiver, and for that reason the first special assignment of error will not be considered.

■ It is insisted that—since three of the plaintiffs were either in military or naval service, and stationed out of the State of Georgia, when cross-actions for partition were filed in their accounting case for the recovery of rents, issues, and profits alleged to have been received from a use of their undivided half of the common property over a period of years, and since these three plaintiffs and a fourth plaintiff were also absent from the State when the order for partition by sale was granted—the court should have enjoined any sale of the common property until a motion to vacate and set aside the order for sale, which had been made within twelve months from the date thereof, could be heard and determined. They cite and rely upon the Code, § 85-1515. To this contention we find ourselves unable to agree. In *Williams* v. *Simmons, 79 Ga.* 649 (7 S. E. 133), it is said: "When a suitor comes into court, competent to select counsel, and does select counsel, no matter who the suitor may be, or how much married, the counsel is there for the purpose of representing the client; and whatever the counsel assents to, the client assents to. There is full power on the part of the counsel to represent the client, and it is just the same as if the client were there in person; and it is no answer to a decree, a solemn judgment of a court, for the client to come in and say the counsel misrepresented the client's interests, or did not represent the client's wishes." No motion for continuance having been made because of the absence of a party, it will be presumed that the plaintiffs elected to appear through counsel as they had a right to do. In a case as here, presence of their counsel who had full authority to represent them, and who litigated the issues then for trial, was the equivalent of their presence. In the circumstances of this case, as disclosed by the record, the court did not err in refusing an interlocutory injunction because four of the plaintiffs were out of the State when the order for sale was granted.

■ It is now urged that the judgment for partition by sale is null and void because: (a) The allegations of the cross-actions, and the amendments thereto, are wholly insufficient for the relief sought, or to be the basis of a valid judgment for partition by sale;

(b) filing cross-actions for partition by sale in their equitable case for accounting, while sufficient without service to make them parties to the case, were insufficient without service to give the court jurisdiction to hear and determine the partition feature of the case separately and prior to the trial of the main accounting case; (c) the defendants are estopped to insist on a sale of the land prior to a trial of the accounting case, because their counsel misled and deceived counsel for the plaintiffs by representing to them, orally and by letters, that the accounting case and the cross-actions for partition were one and the same case and should be tried together, upon which the plaintiffs' counsel relied to their injury; (d) the defendants are estopped from selling the common property before the trial of the accounting case, since they have failed and refused to surrender any possession of the common property to the plaintiffs or to account to them for any part of the rents and profits since it was decreed in 1943 that they were the owners of an undivided half of the same; (e) they are legally entitled to establish a special lien against the undivided half of the common property claimed by the defendants for rents, issues, and profits due them by the defendants prior to any sale thereof for partition; and (f) the defendants have not done equity, and they now have no right to come into a court of equity and secure on their cross-actions a judgment for partition by sale.

All of these questions existed prior to the time when the writ of error was here in *Lankford* v. *Milhollin,* supra, and before the bill of exceptions was prepared and certified in that case. They were either incorporated therein or should have been. Under the doctrine of res judicata, it is well-settled law in this State that all matters which were put in issue, or which under the rules of law might have been put in issue, will not be considered in a subsequent writ of error. *Wimpy* v. *Gaskill,* 76 *Ga.* 41, 44; *Leathers* v. *Leathers,* 138 *Ga.* 740 (76 S. E. 44) ; *Wilson* v. *Missouri State Life Ins. Co.,* 184 *Ga.* 184 (190 S. E. 552) ; *Lowe* v. *Atlanta,* 194 *Ga.* 317 (21 S. E. 2d, 171) ; *Hubbard* v. *Whatley,* 200 *Ga.* 751 (38 S. E. 2d, 738). These questions, therefore, are res judicata, and it was not error for such reasons to refuse an injunction as prayed.

3. It was alleged in the petition that the allegations in the cross-actions and the amendments thereto were wholly insufficient to state a cause of action for the relief sought and to support the

order for partition by sale; and the judgment, being void for that reason, could be set aside at any time within three years from the date granted. For this position the plaintiffs in error rely upon *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280), and quote from that decision: "If the petition sets forth no cause of action, it is certain that the defendant may make the point by demurrer before trial, by motion to dismiss at the trial term, or by motion in arrest of judgment at the term at which the verdict is rendered, or by direct writ of error within the time prescribed by law, or by motion to set aside the judgment at any. time within three years from the rendition of the judgment." In the same case this court also said: "If the defendant makes a motion at the trial term to dismiss the case for want of a cause of action, and this motion is overruled, as long as this judgment stands unreversed he is precluded from calling in question the sufficiency of the petition. And so it would be if he moved in arrest of judgment, or made a motion to set aside the judgment, and these motions were overruled and the decision acquiesced in; or if he had sued out a writ of error, and the same was abandoned or dismissed, or the judgment affirmed." Again we shall say that, where a party dissatisfied with a judgment sues out a writ of error and brings that judgment to this court, he must therein present all grounds for review which were then known, or could by reasonable diligence have been discovered in time to incorporate them in the writ of error; and failing to do so, he will be held to have waived them. *Wimpy* v. *Gaskill,* supra; *Leathers* v. *Leathers,* supra. "That the allegations contained in the cross-actions were insufficient," must have been a ground known to counsel for the plaintiffs when the former writ of error was sued out to review the judgment now attacked. If good now, it was then, and for that reason the attack now made is too late. For the reason assigned, the judgment can not now be set aside, and therefore, for this reason, it was not erroneous to refuse an injunction.

■ It is insisted that the plaintiffs are entitled ·to set up and establish a special equitable lien, for the amount alleged to be due them by some of the defendants for rents, issues, and profits, against the undivided half interest of the land claimed by those defendants; and that, because of the insolvency of one · of the defendants and the doubtful solvency of two other defendants, the court should enjoin any sale of the property until this can be done by a trial

of the accounting case. In the brief of counsel for the plaintiffs in error, it is stated: "We do not now contend for one moment that the insolvency of said three defendants is a ground for injunction against said land ever being sold under said order, but, we now say, it is an absolute ground for injunction against said sale, only until after there has been a final trial of said accounting case, but not one minute longer." When the writ of error was last here in this litigation (*Lankford* v. *Milhollin,* supra), this court held adversely to this contention when it said: "The assertion as to rents, issues, and profits due the plaintiffs by the defendants, while germane to the accounting suit, would not constitute a valid defense to the application for partition by sale. The trial court, as we have previously held, could properly entertain the partition proceeding without trying first, or in connection therewith, the plaintiffs' suit for accounting. The lien claimed for rents and profits in paragraph 7 of the amendment can only be determined in the main suit for accounting. Such lien is not properly a matter of defense to the cross-action for partition." And such became the law of the case, and consequently presents now no reason for an injunction.

■ Another reason advanced why the sale should be enjoined is that economic conditions have so changed with respect to the land and the uses for which it is employed that it can now be easily divided in kind, and for this reason the court should re-examine the case and order a partition in kind. This court has previously held in this case that a diversity of ownership gave the court no authority of law to put such a division into effect. There is no allegation here that there has been any change in the status of ownership, and the previous holding remains the law of the case.

■ We have carefully examined the other assignments of error, and from what has been said in dealing with the special assignments their further consideration becomes unnecessary. It is sufficient to say that they are without merit.

It necessarily follows from what has been said that the court did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur. Duckworth, J., concurs in the judgment only.*