CLEMENTS *v.* HOLLINGSWORTH, executrix; *et vice versa.*

CANDLER, Justice. On a former appearance of the present case in this court we held that the petition did not state a cause of action and that the court erred in overruling general demurrers to both the main and the ancillary petition as amended. *Clements* v. *Hollingsworth*, 202 *Ga.* 684 (44 S. E. 2d, 381). The opinion filed contains a full statement of the pleadings as they stood when we considered the case before, and it is therefore not necessary to repeat them. They can be seen by reference thereto. On the return of the case to the trial court, the plaintiff again amended her main petition by alleging: "The checks referred to in the petition, to wit: A check for $10,000 and a check for $4210.31, both of said checks were turned over and delivered to defendant, not in consideration of any contract or any obligation nor as a gift, but for the use and benefit of Mrs. Johnnie Bell Clements, the wife of defendant, at the time of the delivery of said checks and up to her death." The amendment was allowed subject to demurrer. The defendant renewed all demurrers previously filed to all of the pleadings, and interposed further general and special demurrers to the main petition as finally amended. All of the demurrers were overruled. To that ruling exceptions pendente lite were timely presented, certified, and filed. On the trial the court directed a verdict for the plaintiff. A motion for new trial was in due time made and afterwards amended by adding 135 special grounds. The amended motion was overruled and error is assigned upon that judgment and upon the exceptions pendente lite. *Held:*

1. A plaintiff is required to state his cause of action, legal or equitable, or both, plainly, fully, and distinctly. Code, § 81-101.

2. It is an elementary rule of construction, as applied to a pleading, that it will be construed on demurrer thereto most strongly against the pleader. *Johnson* v. *Sears*, 199 *Ga.* 432 (34 S. E. 2d, 541).

154

3. A petition for accounting need not allege the amount due, but must allege facts showing that something is actually due. *Gould* v. *Barrow*, 117 *Ga.* 458 (43 S. E. 702); *Smith* v. *Hancock*, 163 *Ga.* 222 (136 S. E. 52); *Durden-Powers Co.* v. *O'Brien*, 165 *Ga.* 728 (142 S. E. 90); *Bowman* v. *Chapman*, 179 *Ga.* 49 (175 S. E. 241).

4. Except as they may be substantially changed by amendment, prior rulings made by this court on the pleadings become the law of the case, and are binding upon the trial court as well as this court on a subsequent appearance of the same case. *Western & Atlantic R. Co.* v. *Third National Bank of Atlanta*, 125 *Ga.* 489 (54 S. E. 621); *City of Atlanta* v. *Smith*, 165 *Ga.* 146 (140 S. E. 369); *McEntire* v. *John Hancock Mutual Life Ins. Co.*, 174 *Ga.* 158 (162 S. E. 134); *Lankford* v. *Milhollin*, 201 *Ga.* 594 (40 S. E. 2d, 376).

5. When the case was here before (202 *Ga.* 158, 4a), we held that the petition failed to state a cause of action for several reasons stated in the opinion, among which was this one: " 'Unless and until there be facts or circumstances to indicate to the contrary, it will be presumed that every person obeys the mandates of law and performs all of his official and social duties.' *Georgia Casualty Co.* v. *McRitchie*, 45 *Ga. App.* 697 (3) (166 S. E. 49); *English* v. *Poole*, 31 *Ga. App.* 581 (121 S. E. 589). Accordingly, it can not be assumed, without allegation, that the husband violated any duty, or failed to pay any debt, that he may have owed to his wife." And the amendment allowed subsequently does not contain such an allegation; nor are the pleaded facts such as to demand such an inference. Consequently the petition, as finally amended, still fails to state a cause of action and the demurrers thereto should have been sustained.

6. Under the above ruling, the court erred in overruling the general demurrers to the main and the ancillary petition as amended, and this being true, all that happened after then was nugatory. *Erk* v. *Simpson*, 137 *Ga.* 608 (3) (73 S. E. 1065); *Atlanta Baseball Co.* v. *Lawrence*, 38 *Ga. App.* 497 (3) (144 S. E. 351).

*Judgment reversed on the main bill. Cross-bill dismissed. All the Justices concur.*

Nos. 16483, 16484. March 16, 1949. Rehearing denied March 28, 1949.

*Jule & A. C. Felton III*, for plaintiff.

*B. F. Neal, Leonard Farkas*, and *Walter H. Burt*, for defendant.