18983. GREENWAY *v.* SLOAN *et al.*

CANDLER, Justice. In this litigation the plaintiff prayed for an injunction to prevent the defendants from cutting timber from a described 10-acre tract of land in Pulaski County. When the suit was filed, the defendant Sloan, admittedly, was cutting timber on the tract involved at the request and instance of the defendant Mrs. West. The plaintiff and the defendant Mrs. West are coterminous landowners and neither

disputes the title of the other to his or her tract as a whole. They hold title from a common grantor, and the true location of their dividing line is the real controversy between them. They agree that their lands are divided by an old road known as the "County line—Elko public road." The tract in dispute is adjacent to and south of State Highway No. 26, a new paved highway which runs about east and west. The plaintiff contends that "County line—Elko public road" had the same location which State Highway No. 26 presently has. The defendants contend that "County line—Elko public road" is an unpaved public road which intersects State Highway No. 26, and that the land in dispute is that part of land lot 24, in district 12, which is adjacent to and south of State Highway No. 26, and adjacent to and northwest of the intersecting public road or "County line—Elko public road." On the trial, the parties stipulated that, if the jury should find from the evidence that State Highway No. 26 and "County line—Elko public road" are one and the same as to location, the verdict should be in favor of the plaintiff; but, on the other hand, if the jury should find from the evidence that the unpaved public road which intersects State Highway No. 26 and "County line—Elko public road" are one and the same as to location, then the verdict should be in favor of the defendants. They agreed in open court that the trial judge need not submit any other question to the jury. Only that issue was submitted by the judge, and the jury found in favor of the defendants. The exception is to a judgment denying the plaintiff's amended motion for a new trial. *Held:*

1. Though conflicting, the evidence is amply sufficient to sustain the verdict, and it has the approval of the trial judge. A verdict supported by any competent evidence which has the approval of the trial judge will not be disturbed by this court unless errors of law appear. *Reed* v. *State,* 195 *Ga.* 842 (7) (25 S. E. 2d 692).

2. In view of the stipulation and the agreement as set forth in the preceding statement of the case, there was no error in failing to give any of the charges about which complaint is made in the amended motion for a new trial; they all relate to issues which the parties agreed the court need not charge upon.

3. Newly discovered evidence will not authorize the grant of a new trial when it is merely cumulative or impeaching in character. Code § 70-204; *Hart* v. *State,* 207 *Ga.* 599 (63 S. E. 2d 390), and citations. This court in *Berry* v. *State,* 10 *Ga.* 511, held that motions for new trial on newly discovered evidence are not favored; that the newly discovered evidence must not be merely cumulative or impeaching in nature, and that it was not for want of due diligence that the new evidence was not discovered sooner. The rules there announced have been reiterated and applied by this court in many cases since that time. The sound reasons for all of these rules are well stated in *Brown* v. *State,* 141 *Ga.* 783 (82 S. E. 238). "Evidence is cumulative when it goes to the fact principally controverted upon the trial, and respecting which the party asking for a new trial produced testimony." *Malone* v. *Hopkins,* 49 *Ga.* 211 (15). In this case, the parties agreed that there was only one question to be determined by the jury, and the plaintiff introduced several witnesses who testified in support of his contention respecting it. The newly discovered evidence upon which he relies for a new trial is merely cumulative of

that given on the trial by his witnesses or it tends to impeach the evidence offered by the defendants on that point. Hence, the trial judge did not err in refusing to grant a new trial on this ground of the motion. From what has been said above, it follows that the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 13, 1955—DECIDED JULY 13, 1955—REHEARING DENIED JULY 25, 1955.

*Dallam R. Jackson, Lovejoy Boyer,* for plaintiff in error.
*Roger H. Lawson,* contra.