### 20746. ODOM *v.* ODOM.

CANDLER, Justice. Alleging cruel treatment as his ground therefor, Limerick L. Odom sued his wife, Marie P. Odom, for divorce. By her answer she admitted jurisdiction of the court, but denied the allegations of cruel treatment. By a cross-action she alleged that the plaintiff had been cruel to her, and that the real cause of the separation was the plaintiff's wilful refusal to permit her to remain in his home. She also alleged that he had not provided any support for her since the date of their separation. She prayed for a divorce and alimony. On the trial, and after the parties had introduced their evidence, the jury granted the defendant a divorce, made a lump-sum award of $2,500 as alimony to her, and removed the plaintiff's disabilities. In due time, the plaintiff moved for a new trial on the usual general grounds, and later amended his motion by adding two special grounds, one of which is only an elaboration of the first general ground of his motion, and the other one alleges that the trial judge erred in denying an oral motion to dismiss the defendant's cross-action, such motion being in the nature of a general demurrer. The exception is to a judgment denying his motion and refusing to grant him a new trial. *Held:*

1. The judgment refusing to sustain an oral motion, in the nature of a general demurrer, to dismiss the defendant's cross-

action, could not properly be made a ground of the plaintiff's motion for new trial, but such ruling should have been directly excepted to in the bill of exceptions. See *Davis* v. *Buie*, 197 *Ga.* 835, 839 (2) (30 S. E. 2d 861).

2. Since the verdict has the approval of the trial judge and is amply supported by competent evidence, this court will not hold that the judgment refusing a new trial is erroneous. See *Greenway* v. *Sloan*, 211 *Ga.* 775 (1) (88 S. E. 2d 366).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 11, 1960—DECIDED FEBRUARY 11, 1960.

*Marshall Fountain, Stevens & Stevens,* for plaintiff in error.

*J. Roy McCracken, Harris, Chance, McCracken & Harrison,* contra.

