### 21291. RESERVE LIFE INSURANCE COMPANY v. AYERS.

ARGUED JULY 11, 1961—DECIDED SEPTEMBER 11, 1961—
REHEARING DENIED SEPTEMBER 25, 1961.

*Eugene M. Kerr, Stonewall H. Dyer, Tyler, Burns & Tyler, Houston White, Beryl Weimer,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

QUILLIAN, Justice. ■ The first exception of the application is that the Court of Appeals erred in not deciding that, as a matter of law, the verdict awarding $8,000 attorney's fees to the plaintiff was excessive. It must be remembered that the petition filed in the trial court, in addition to setting forth the right of the plaintiff to recover a loss alleged to be covered by the provisions of the policy sued upon, alleged that the defendant insurer acted in bad faith in refusing to pay the loss and for that reason was liable to the plaintiff for the statutory penalty and attorney's fees provided for by *Code* § 56-706. The petition set out in detail the services that the plaintiff's attorney had rendered and would render in filing and prosecuting the suit on the policy, and specifically alleged the value of the attorney's services to be $8,000.

The defendant filed a demurrer to the allegations of the petition respecting attorney's fees, in the following language: "That the prayer contained in the petition as amended for $8,000 attorney's fees is clearly excessive in view of the amount of principal sued for and the facts alleged by the plaintiff concerning the efforts required to prosecute the claim of the plaintiff." The trial judge overruled the demurrer, and the Court of Appeals affirmed the judgment.

The defendant made that ruling a ground of motion for rehearing, but did not except to the same in the application for writ of certiorari brought to his court. The judgment of the Court of Appeals became a final adjudication that the petition set forth the plaintiff's rights, if permitted to recover at all, to the attorney's fees in the amount prayed. The opinion of the Court of Appeals, unreversed, cannot be questioned. *McEntire v. John Hancock Mut. Life Ins. Co.,* 174 Ga. 158 (162 SE 134); *Lankford v. Milhollin,* 201 Ga. 594 (40 SE2d 376); *Clements v. Hollingsworth,* 205 Ga. 153 (52 SE2d 465); *Blake v. Williams,*

208 Ga. 353 (66 SE2d 829). Similar are *Sims v. Georgia Ry. & Electric Co.*, 123 Ga. 643 (51 SE 573) ; and *Brooks v. Rawlings,* 138 Ga. 310 (75 SE 157).

The evidence of the plaintiff adduced upon the trial of the case furnished prima facie proof that the plaintiff's attorney rendered the services set out in the petition. The attorney himself testified to the value of the services and swore that it exceeded $8,000. The defendant submitted no evidence relevant to the issue.

The rule is here applicable that, though conflicting, some evidence is sufficient to sustain a verdict. A verdict supported by any competent evidence which has the approval of the trial judge will not be disturbed by this court unless errors of law appear. *Greenway v. Sloan,* 211 Ga. 775, 776 (1) (88 SE2d 366) ; *Reed v. State,* 195 Ga. 842 (25 SE2d 692).

The exception is without merit.

■ The second exception is that the Court of Appeals overlooked and failed to apply the principle pronounced in *Baker v. Richmond City Mill Works,* 105 Ga. 225 (31 SE 426). The only pronouncement of the case referred to applicable to this case was that, where the only evidence submitted as to the value of attorney's fees is the testimony of the attorney, the jury may weigh his evidence and consider whether his evaluation is correct. The ruling in the *Baker* case is sound, but the trial court followed and applied the principle therein announced by submitting to the jury the issue as to whether the plaintiff would be permitted to recover attorney's fees, and if so, in what amount.

The exception is without merit.

■ The final exception taken in the application for writ of certiorari is that the Court of Appeals erred in holding that there was evidence in the record to support the finding of the jury that the defendant's refusal to pay the plaintiff's claim of loss was in bad faith as contemplated by *Code* § 56-706. Bad faith within the meaning of the statute is any frivolous or unfounded refusal in law or in fact to pay a loss according to the insurance contract after legal demand. *Cimarron Ins. Co. v. Pace,* 212 Ga. 427 (93 SE2d 593).

The policy of insurance sued upon contained the clause: "After two years from the date of issue of this policy no misstatements, except fraudulent misstatements, made by the applicant in the application for such policy, shall be used to void the policy or to deny a claim of loss incurred after the expiration of such two-year period." The defendant's answer set up the affirmative defense that the plaintiff wilfully made false answers to questions contained in the application for the insurance, that the answers materially affected the risk covered by the policy and, for this reason, the plaintiff was not entitled to recover in the suit on the policy. Upon this same ground it had refused the plaintiff's demand for payment of the loss.

The Court of Appeals held that the burden was upon the defendant to prove the affirmative plea. This court has repeatedly held that the burden was upon the insurer to prove an affirmative defense, such as fraud on the part of the insured in obtaining the policy, or that a loss apparently covered by the policy came within an exclusionary clause contained in the policy. *Watertown Fire Ins. Co. v. Grehan*, 74 Ga. 642 (1); *Lamb v. Empire Life Ins. Co.*, 143 Ga. 180 (84 SE 439); *O'Connell v. Supreme Conclave Knights of Damon*, 102 Ga. 143 (1, 2) (28 SE 282, 66 ASR 159).

It has also long been established as the rule that the complete failure of the insurer to prove any defense to an action on the policy is evidence of the bad faith contemplated by *Code* § 56-706, and subjects the insurer to a verdict for the statutory penalty and attorney's fees. *Travelers Ins. Co. v. Sheppard*, 85 Ga. 751 (12 SE 18); *Traders Ins. Co. v. Mann*, 118 Ga. 381 (45 SE 426). This is especially true where the insurer does not prove that reasonable investigation of the insured's claim was made within the sixty-day period after demand for payment, in terms of the statute, has been made. *Cotton States Life Ins. Co. v. Edwards*, 74 Ga. 220; *Hull v. Alabama Gold Life Ins. Co.*, 79 Ga. 93 (3 SE 903).

The defendant contends that the facts learned by an agent in the discharge of his duties and within the scope of his authority are imputable to the principal as constructive notice. In this connection, it is insisted that the fact that Mrs. Dixon,

the defendant's agent, authorized to solicit, prepare and transmit to the defendant the application for insurance, obtained from the plaintiff truthful answers to the questions contained in the application, but without his knowledge inserted false answers, was not imputable as actual knowledge to the defendant.

The point is important because if the defendant had, in a legal sense, actual knowledge that the plaintiff had not made untruthful answers to the questions propounded by the application, the refusal to pay the loss upon that ground was frivolous and unfounded.

This court held in *Hillyer v. Brogden*, 67 Ga. 24, 26, that actual knowledge of an agent of facts within the scope of his agency was vicariously the principal's knowledge, and has adhered to that ruling consistently ever since.

The rule is applicable to all agents alike, including insurance agents. This court has held that where an agent authorized to solicit and prepare an application for insurance has actual knowledge that the insured has not made false answers to questions contained in the application, knowledge, not mere notice of that fact, is imputable to the insurer and becomes the knowledge of the latter. *Johnson v. Aetna Ins. Co.*, 123 Ga. 404, 410 (51 SE 339, 107 ASR 92) ; *Globe & Rutgers Fire Ins. Co. v. Walker*, 150 Ga. 163 (103 SE 407). The rule is especially applicable where, as in the instant case, the agent receives from the insured truthful answers to questions propounded by the application, and without such insured's knowledge or consent inserts false answers in the application. *Clubb v. American Accident Co.*, 97 Ga. 502 (1, 2) (25 SE 333). This is the majority rule in other jurisdictions of this country. 29A Am. Jur. 227, § 1060.

Under the principles discussed, it is apparent that the Court of Appeals correctly held that there was evidence in the record to support the finding that the insurer's refusal to pay the loss covered by the policy was frivolous and unfounded; hence, in the bad faith contemplated by the statute.

*Judgment affirmed. All the Justices concur, except Almand, J., who dissents, and Mobley, J., who concurs in the result.*

ALMAND, Justice, dissenting. In my opinion the evidence is insufficient to show bad faith on the part of the insurer.