WILLIAMS, administrator, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

No. 9018. FEBRUARY 16, 1933.

*R. T. Camp* and *George L. Goode,* for plaintiff.

*J. D. Bradwell,* for defendant.

RUSSELL, C. J. This case, though entitled in the names of different parties, has been twice heretofore before this court. The first time it appeared as *John Hancock Mutual Life Insurance Co.* v. *Williams,* and *McEntire* v. *Williams,* 172 *Ga.* 421 (157 S. E. 494). It appeared for the second time as *McEntire* v. *John Hancock Mutual Life Insurance Co.,* 174 *Ga.* 158 (162 S. E. 134). At the first trial the case was submitted to the presiding judge, without the intervention of a jury, upon the pleadings and an agreed statement of facts. He rendered a decree which dealt with every issue in the case (172 *Ga.* 426-429). The insurance company and the receiver excepted separately. Williams, administrator, the present plaintiff in error, was a defendant in error in both of the cases cited above. From this it appears that he was not dissatisfied with the judgment of the trial court. It also appears that he was a party, and therefore apprised of the judgment. By the reversal of the judgment all the provisions in the decree were set aside and annuled. The fact that the controlling question in the case, and therefore the only one dealt with at that time by this court, was whether the grantee in a deed conveying land as security for the payment of money loaned, and who was no party and had no notice of subsequent proceedings to establish a drainage district which included part of the land so conveyed, was bound by the proceedings to which the grantor (the borrower, Williams' intestate) was a party, did not prevent the annulment of all the conclusions announced in the lower court's judgment. The judgment to which exception was taken was set aside in toto. Upon the return of the remittitur the case was again tried in accordance with the judgment of this court in 172 *Ga.* 421, and judgment was rendered. To that judgment McEntire, receiver, representing the drainage district, excepted. Williams, administrator, did not except, but was named as a defendant in error. The judgment of affirmance in that case was based upon the principle that the prior decision had become the law of the case. After the decision in 174 *Ga.,* supra, Williams, as administrator of A. F. McFarlin, filed his petition for compensation and attorney's fees, as supplementary to the main case. Said

case came on to be heard on February 29, 1932, when the John Hancock Mutual Life Insurance Company presented its demurrer to the petition. The demurrer was sustained, and the petition was dismissed. That judgment was not subject to exception; for the petition was properly dismissed. The plaintiff in error relies upon two clauses of previous decrees rendered at different stages of the litigation, as the basis of his claim for compensation. In one of the provisions of the decree rendered by Judge Hodges it was ordered that "Before any of the foregoing conflicting claims are paid, the following, which are superior thereto, are to be satisfied, to wit: funeral expenses; necessary expenses of administration, including reasonable attorney's fees; annual State and county taxes. These are to be paid according to their rank as fixed by statute." But it must be remembered that the entire finding and judgment in which this clause was included was reversed by this court. 172 *Ga.* 421. By that reversal this provision was absolutely nullified. It was an entirely proper provision, in the view of the case entertained by the trial court at that time, because the court was holding that the claim of the John Hancock Mutual Life Insurance Company was inferior to the lien of the drainage assessment; but when this court held that the title of the insurance company was superior to the lien of the drainage district, of which the lender had no notice, such provision would have been entirely inappropriate. So this part of the decree which was set aside gives no support to the petition for compensation and attorney's fee. In the ninth paragraph of the decree which was reviewed by this court (*McEntire* v. *John Hancock Mutual Life Insurance Co.,* 174 *Ga.* 158) Judge Moseley, successor of Judge Hodges upon his death, ordered "that this case is kept open, and the court retains jurisdiction thereof for the rendition of such further orders as may be necessary and proper." Upon this order the plaintiff in error contends that the court is still empowered to grant the petition. For two reasons we can not agree to this contention. As we have already stated, under the ruling in 172 *Ga.,* an order granting the petition would have been neither necessary nor proper; on the contrary it would have been error. But, regardless of all this, the exception now presented comes too late. It is true that the petition for compensation was filed May 20, 1932, which was nine days before the final judgment in the main case which it is intended to supplement; but there was at that

time nothing to which it could be a supplement, so far as the present plaintiff in error is concerned. He failed to except to the judgment reviewed in 174 *Ga.* 158. Evidently he was satisfied with the decision of the court set out in the first appearance of this case in 172 *Ga.;* and when this case in which he was a party was again carried to the Supreme Court (174th *Ga.*), he made no appearance. So far as he is concerned, he made no complaint of that judgment, and the judgment in the later case concluded him from further excepting to anything in the decree which may injuriously have affected his interest. The ninth paragraph of the decree, which kept the case open for the rendition of such further orders as might be necessary or proper, meant nothing to him, because such orders as might be necessary and proper could have reference only to sales or to the disposition of funds which might arise for distribution in accordance with the decree, and not to extraneous matters which were contrary to the legal enforcement of the decree in accordance with its prior provisions. The decree distributed all funds that could arise from a sale of the property, establishing in the insurance company the priority for which it contended. There was not a line in this decree with reference to the payment of the administrator or the payment of his attorney's fees. Indeed, at the time the decree was rendered, no petition for such payment had been presented to the court so far as appears from the record; for the record speaks only of the one before us, which was filed nine months later. In any event, we think in the circumstances the plaintiff in error is estopped now to ask for payment of expenses and attorney's fees, by his failure to except to the judgment rendered on May 14, 1931, upon the ground that it did not provide for payment for his services and attorney's fees which he now claims. The court did not err in dismissing the petition.

<em>Judgment affirmed. All the Justices concur.</em>