HENDERSON *et al.* v. LOTT *et al.*

No. 6479.  FEBRUARY 16, 1929.

*Eldridge Cutts, W. R. Mixon,* and *Philip Newbern,* for plaintiffs in error.  *Milner & Farkas* and *Rogers & Rogers,* contra.

BECK, P. J.  1.  This case was before this court at the October term, 1926, and in the decision rendered in that case it was said, in part: "The defendants demurred to the pleadings and entire case of the plaintiff, upon various grounds.  The demurrer was overruled, and to this judgment they filed exceptions pendente lite.  They assign erorr upon these exceptions in the bill of exceptions in this case.  The only reference made by counsel for plaintiffs in error to this matter is a recital in their brief. that the plaintiff offered three amendments, which were allowed by the court over the objections of the defendants, and that to the allowance thereof defendants excepted pendente lite, 'for the overruling of their demurrer,' which fully appears of record.  There is no insistence upon this assignment in the brief of counsel, and the same has not been otherwise considered and urged by them.  They make no argument and cite no authorities in support of this assignment of error, and in no other way insist that this court pass upon the same.  This assignment of error, not being insisted upon by counsel for the plaintiff in error, will be treated as abandoned." *Henderson* v. *Lott,* 163 *Ga.* 326, 328 (136 S. E. 403).  In view of this ruling, the questions raised by the demurrers referred to, in which the original petition and the amendments thereto filed were attacked, were adjudicated by that decision; and consequently the court did not err in overruling the demurrers filed after the case was returned to that court.

2.  So also, under the ruling just referred to, the court did not err in overruling the motion to dismiss the entire case and all the proceedings therein, which motion was in the nature of a general demurrer.

3.  While the plaintiff added an amendment after the case was returned to the lower court for another trial, that amendment con-

tains nothing that is not substantially set forth in the original petition and the amendments thereto filed before the first hearing, except the allegation and prayer that if, for any of the reasons set forth in his original petition and the amendments thereto, the transaction between Mrs. Lucinda Lott and William Henderson should not be set aside and canceled, the petitioner as administrator should have judgment against William Henderson on his indorsement on the notes given to Mrs. Lott in the trade above referred to, and that the same be declared a lien on the property superior to the claims of John G. Henderson. This part of the amendment, in view of the entire petition and the amendments, was not open to the objection raised by demurrer that it set forth a new cause of action. While it might have been held that it was not germane to the original petition before the allowance of the amendments which had been allowed before the first hearing of the case, it was germane after the allowance of those amendments, which set up equitable rights based upon the alleged fraud of the defendant. It follows that the court did not err in overruling the demurrers and the motion to dismiss.

4. Under the former decision in this case, the original petition and the amendments raised questions for decision by the jury, and the court did not err in overruling the demurrers and the motion to dismiss.  *Judgment affirmed. All the Justices concur.*