COUNCIL *v.* STATHAM.

No. 12332. OCTOBER 14, 1938.

*Hollis Fort* and *Dykes & Dykes,* for plaintiff in error.
*James A. Fort,* contra.

ATKINSON, Presiding Justice. A wife induced her husband to buy described realty from her brother at the price of $10,000. On May 8, 1923, the husband paid the vendor $5000 of the purchase-price. On August 21, 1923, the wife paid the vendor $1000, and in October or November of that year the husband paid the remaining $4000. During the husband's absence and without his knowledge or consent,.the vendor conveyed the property to the wife by deed executed May 8, 1923, which was duly recorded. It was understood between the husband and the wife that no gift was intended, and the wife admitted the husband's interest in the property to the extent of $9000. The husband did not know of the wife's claim of the entire interest until she listed the property as her own in her suit for divorce instituted August 21, 1935. In 1937 the husband instituted an action against the wife. His petition alleged substantially all that is stated above. The prayers were for a judgment for $9000 and interest, with a special lien on the land. The defendant demurred to the petition on general and special grounds. She interposed also a special plea in bar. The plaintiff demurred to that special plea, and offered an amendment striking so much of the petition as related to a money judgment and a special lien on the land, and in lieu thereof alleged and prayed for establishment of a trust and recovery of 9/10 undivided interest in the land. The defendant filed objections to the amendment. The judge overruled the objections, allowed the amendment, sustained the plaintiff's demurrer to the special plea in bar, and overruled the defendant's demurrer to the petition as amended. The defendant excepted.

1. The court did not err in overruling objections to .allowance of the amendment, on the grounds: (a) That it sought to change the original suit from one for money had and received to a suit for recovery of land or some interest therein. *Jordan* v. *Downs,*

**14**

118 *Ga.* 544 (45 S. E. 439) ; *McCandless* v. *Inland Acid Co.,* 115 *Ga.* 968 (42 S. E. 449) ; *Williams* v. *Lancasler,* 113 *Ga.* 1020 (39 S. E. 471). (b) That it sought to add a cause of action arising ex delicto to a cause of action arising ex contractu. (c) That it showed on its face that whatever rights the plaintiff had in the property were barred by the statute of limitations. *Garner* v. *Lankford,* 147 *Ga.* 235 (93 S. E. 411). (d) That it set up a new and distinct cause of action. Compare *Dunson* v. *Lewis,* 156 *Ga.* 692 (119 S. E. 846) ; *Pavlovski* v. *Klassing,* 134 *Ga.* 704, 707 (68 S. E. 511) ; *Henderson* v. *Lott,* 168 *Ga.* 105 (147 S. E. 110) ; *Pickens* v. *Jackson,* 152 *Ga.* 100 (9) (152 S. E. 100) ; *Oliver* v. *Powell,* 114 *Ga.* 592 (40 S. E. 826) ; *Harrell* v. *Parker,* 186 *Ga.* 760 (198 S. E. 776).

2. The petition as amended set forth a cause of action. *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236).

3. The defendant's plea in bar was properly stricken. The basis of the plea was a prior judgment sustaining a demurrer to an amendment offered to an answer in a divorce and alimony petition brought by the wife against the husband (the plaintiff in the present suit), wherein he sought to offset against any claim for alimony the purchase-money paid by him on the identical property here involved; the wife having, in her demurrer to the proffered amendment, taken the position that a set-off or counter-claim could not be interposed against her claim for alimony. The court in the previous suit disallowed the amendment, for the reason that "alimony and the set-off pleaded by the defendant are wholly unrelated and not matters to be properly joined in one and the same action." *Henderson* v. *Fox,* 80 *Ga.* 479 (6 S. E. 164) ; *Steed* v. *Savage,* 115 *Ga.* 97 (41 S. E. 272) ; *Mutual Benefit Life Ins. Co.* v. *Driskal,* 148 *Ga.* 699 (98 S. E. 265) ; *Mitchell* v. *Southern Bell Telephone & Telegraph Co.,* 150 *Ga.* 46 (102 S. E. 346).

*Judgment affirmed. All the Justices concur.*