35886. MAYOR &c. OF SAVANNAH *v.* MOSES ROGERS HOUSING CORPORATION.

CARLISLE, J. 1. "Except as they may be substantially changed by amendment, prior rulings made by this court on the pleadings become the law of the case, and are binding upon the trial court as well as this court on a subsequent appearance of the same case. *Western & Atlantic R. Co.* v. *Third National Bank of Atlanta,* 125 *Ga.* 489 (54 S. E. 621); *City of Atlanta* v. *Smith,* 165 *Ga.* 146 (140 S. E. 369); *McEntire* v. *John Hancock Mutual Life Ins. Co.,* 174 *Ga.* 158 (162 S. E. 134); *Lankford* v. *Milhollin,* 201 *Ga.* 594 (40 S. E. 2d 376)." *Clements* v. *Hollingsworth,* 205 *Ga.* 153 (52 S. E. 2d 465).

2. Under an application of the foregoing principle of law to the facts of the present case the trial court did not err in overruling the motion to dismiss the petition or the general demurrers thereto. Upon the first appearance of this case in this court, this court held that "under the pleadings and evidence in this case the plaintiff was entitled to a declaratory judgment fixing the amount of tax credits to be allowed it by the defendant municipality under the provisions of the Act of 1950 (Ga. L. 1950, p. 2383), because of the defendant having taken over certain graded and paved streets and sewer and water mains laid in them, which facilities were constructed by the plaintiff's predecessor in title"; and that since the case

had to be remanded for submission of issues of fact to a jury, "the trial court should answer the question of law presented by the petition in accordance with what is above written namely, (1) that the plaintiff is entitled to be issued tax credits under the Act of 1950; and (2) that the amount of these tax credits be computed as prescribed by the Act of 1950." *Mayor &c. of Savannah* v. *Moses Rogers Housing Corp.*, 91 *Ga. App.* 32 (84 S. E. 2d 488), which see. Following that decision, the plaintiff amended its petition to ask for larger tax credits under the Act of 1950, which did not have the effect of re-opening the petition as amended to demurrer, as the question of law involved had already been settled by this court's former decision. See in this connection also, *Palmer* v. *Jackson*, 188 *Ga.* 336 (4 S. E. 2d 28); *Henderson* v. *Lott*, 168 *Ga.* 105 (147 S. E. 110).

 *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 8, 1955—REHEARING DENIED DECEMBER 1, 1955.

*Oliver, Davis & Maner,* for plaintiff in error.
*William L. Grayson,* contra.