TAYLOR vs. BLASINGAME.

73 111
93 233
73 111
100 495
78 111
117 509

1 Although the bearer of a mortgage, as such, has no right to fore-close it in his own name, yet where it appears that one so proceeding had, in fact, a transfer in writing to him, the verbal inaccuracy in describing his character as plaintiff could have been amended *instanter*, and furnished no reason for quashing the pro-

ceeding, although set out as a distinct ground in the defendant's counter-affidavit.  Code, §§1992, 1996, 3479.

2. Where the sum claimed in a suit in the county court, either as a debt or as damages, exceeds fifty dollars, the party against whom judgment is rendered has a right to appeal to the superior court. The exercise of the right depends upon the pleadings, and not upon reductions which may be made upon the final hearing, either by the testimony of witnesses or by the finding of the jury.  Code, §286.

Judgment affirmed.

March 11, 1884.

HALL, Justice.

[Blasingame made an affidavit to foreclose a chattel mortgage. In it he stated that "he is the owner and holder of a certain promissory note, given by John T. Taylor, of said county, to A. B. Small or bearer." The affidavit also described the mortgage given to Small to secure the note; alleged that there was due on it $50.00 principal, $5.00 interest and $10.00 attorney's fees, and concluded thus: " and deponent makes this affidavit that said mortgage may be foreclosed as provided by law, the same having been transferred in writing by said A. B. Small to deponent." The *fi. fa.* issued on this affidavit was for $50.00 principal, $5.00 interest, $10.00 attorney's fees, and costs, "which James G. Blasingame, bearer," lately recovered, etc. The defendant filed an affidavit of illegality, on the ground, among others, that the said James G. Blasingame could not foreclose the mortgage as bearer.

The case was carried to the superior court by appeal from the county court, where the jury found a verdict for $32.00 with interest.  Defendant moved for a new trial, on the following among other grounds·

(1.) Because the court admitted the *fi. fa.* in evidence, over objection, on the ground that it was issued in the name of Blasingame, as bearer, and did not show by what authority he foreclosed.

(2) Because the court refused to dismiss the appeal, after plaintiff testified that, at the date of the foreclosure,

he only claimed $32.00. The motion was based on the ground that, although the mortgage was foreclosed for $50.00, the plaintiff only claimed, in fact, $32.00, and could not appeal. (He testified that $50.00 was the amount due on the mortgage, but that, on a settlement of accounts for labor and cotton on the one side, and provisions on the other, made in November, 1881, he owed defendant $18.00, which he credited on the note secured by the mortgage, so that, at the time of the foreclosure, there was due on the mortgage only $32.00, besides interest and attorney's fees, "and that was all I claim.")

The motion was overruled, and defendent excepted.]