## MANLEY et al. v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.

Circuit Court of Appeals, Fifth Circuit.
October 29, 1929.

No. 5513. ·

Walter T. Colquitt, of Atlanta, Ga. (Colquitt & Conyers, of Atlanta, Ga., on the brief), for appellants.

Grover Middlebrooks, of Atlanta, Ga. (Bryan & Middlebrooks and W. Colquitt Carter, all of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree canceling a policy of income insurance, on the ground that certain representations made by the insured in his application for insurance were false and material to risks assumed by the policy.

The application was dated April 9, 1920, and contained representations, which were included among those complained of by the insurance company in its bill for cancellation, filed November 30, 1926, to the effect that the insured had never suffered from headache, mental derangement, or any other nervous disease, and had never consulted or been treated by a physician for any ailment or disease, except for pneumonia when he was a small child, appendicitis about seven years previously when his appendix was removed, and a light case of influenza three months previously. That application also contained an agreement on the part of the insured that the falsity of any of the above-stated or other representations should bar any right of recovery he might otherwise have if any such representation was made "with intent to deceive or materially affect either the acceptance of the risk or the hazard assumed by the Company."

The policy in question was dated April 19, 1920, or 10 days after the date of the application, and it insured the appellant, W. D. Manley, against loss of life or total disability resulting from bodily injury effected through accidental means, or against sickness contracted and beginning after the date thereof. The insurance against sickness was to be effective during continuance of the disability, at the rate of $1,000 per month, but no indemnity was to be paid for the first three months of any period of disability. The appellant Valeria R. Manley, wife of the insured, was named as beneficiary in the event of liability for loss of life.

Appellants in their answer denied that the representations were false, denied their materiality, and set up a counterclaim for the monthly indemnity payable under the policy, alleging that in August of 1926 the insured became permanently disabled by reason of his mental and physical condition.

According to the evidence for appellee, as early as 1914, the insured was suffering from severe headaches, and during that year at one time was mentally deranged and confined for a few days in a hospital, after which he consulted a specialist in mental and nervous diseases in New York City. During that year he complained to three physicians who treated him of extremely severe headaches. After these consultations, but during the same year, the insured made application to appellee for another policy of life insurance, and therein represented to the examining physician that in the February preceding he had intercostal neuralgia for one week, but made no reference to any other consultation or treatment by physicians. In June, 1920, less than two months after the date of the policy in question, the insured was again treated for severe headaches, and told his physician that he had been having severe headaches off and on for four or five years and constantly for the last month, and he repeated practically the same statement to a physician in 1922. In 1923 he was again examined for life insurance by a representative of appellee who found him with high blood pressure, and withheld his recommendation for further insurance. There was a disagreement among the physicians who testified as to whether at that time the insured was suffering from arterio sclerosis; but there is no doubt that in August of 1926 the insured was permanently and totally disabled on account of his mental and physical condition.

Testimony to the effect that the insured complained of severe headaches and was mentally deranged in 1914 was given at the trial of this case by the physicians whom he consulted and by whom he was treated, and that testimony was not denied by his wife who was present at the various consultations. There was testimony for appellee that it first learned of the condition of the insured in August of 1926. Notice of intention to cancel the policy was not given until the expiration of three months, that is to say, such notice was given in November of 1926. The agreement of the insured, to the effect that the falsity of any representation contained in his application, made with intent to deceive, or which materially affected the risk assumed by the insurer, should bar his right to recover on the policy, is substantially in accord with the Civil Code of Georgia, which provides that every application for insurance must be made in the utmost good faith, that the representa-

tions therein contained are to be considered as covenanted to be true, that any representation by which the nature, extent, or character of the risk is changed, will void the policy; and that any representation by the insured to induce acceptance of the risk must be true or the policy is void. Park's Ann. Civ. Code Ga. §§ 2479, 2480.

The representations made by the insured, touching his physical condition and consultation and treatment by physicians, were untrue, according to the undisputed evidence; and, being untrue, they afforded to the insurance company the right to cancel the policy, unless they were immaterial misrepresentations. That these representations were material is well settled by the Georgia decisions, in which state the contract of insurance was made. Supreme Conclave v. Wood, 120 Ga. 328, 47 S. E. 940; Lee v. Metropolitan Life Ins. Co., 158 Ga. 517, 123 S. E. 737; Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356. Under these decisions, if there be actual falsity of representation by the insured, the right of the insurer to cancel the policy exists, even though the insured had no intent to deceive. It therefore would be no defense to this suit that the insured was unaware of his physical and mental condition as it existed in 1914. The contract of insurance was entered into on the basis that the representations of the insured were true as a matter of fact. Appellants contend that appellee is estopped to rely on misrepresentation, because of the application for other insurance by the insured in 1914, in which he disclosed to the medical examiner that he had had intercostal neuralgia, which was not disclosed in his application for the policy in suit. It may be conceded that the insurance company could not rely on the falsity of this particular representation, but in our opinion it does not follow that estoppel arose as to the other false representations. It is also insisted by appellants that the insurance company had notice of another medical examination made in 1923 which disclosed that the insured was not a safe risk. But the insurance had then been in effect for three years, and there was nothing to indicate then any falsity of representation in 1920 when the policy in suit was issued. There is no direct evidence that appellee had notice of the falsity of any representation prior to August, 1926, and its executive officers testified that until that time they had no such notice.

Finally, it is urged here on behalf of

appellants for the first time that appellee was guilty of laches, in that, though it had notice that the insured was totally disabled in August of 1926, it did not proceed to cancel the policy until three months later. If that defense had been urged in the court below, appellee would have had an opportunity to explain the delay. It was, of course, incumbent on appellee to act promptly upon receiving notice of the condition of the insured. But for all that appears three months was a reasonable time within which to enable appellee to make investigation and satisfy itself that it had a right to cancel the policy; and laches is not shown, in view of the fact that the delay complained of could not possibly have prejudiced the rights of the insured.

The decree is affirmed.