26762.   TATE, administratrix, *v.* INDUSTRIAL LIFE & HEALTH INSURANCE COMPANY.

306

Decided July 2, 1938. Rehearing denied July 22, 1938.

*Joseph B. McGinty,* for plaintiff.

*Peyton S. Hawes,* for defendant.

Stephens, P. J. 1. Any party dissatisfied with a judgment of a justice of the peace may appeal to a jury in the superior court, where the amount claimed in the suit is more than $50. Code, § 6-301.

2. Where in a justice's court the beneficiary in a life-insurance policy brought suit against the insurer to recover $30 as the amount due to the plaintiff under the terms of the policy, $7.50 as representing 25 per cent. of the amount sued for as damages, and $50 as reasonable attorney's fees, under the Code, § 56-706, which authorizes a recovery of damages and attorney's fees where the insurer has acted in bad faith in failing to pay the amount due under a policy within the required time, the amount sued for and claimed in the suit was in excess of $50. See Missouri State Life Ins. Co. *v.* Jones, 290 U. S. 199 (54 Sup. Ct. 133, 78 L. ed. 267), where it was held by the Supreme Court of the United States that the amount sued for as representing damages and attorney's fees for failure of the insurance company to make payment under a policy within the required time "will be treated as a part of the sum necessary for jurisdiction in the Federal court in removal proceedings" from a State court to the Federal court, notwithstanding such attorney's fees may by the State statute be declared as part of the costs of the suit. The decision in *National Life & Accident Ins. Co.* v. *Lain,* 180 *Ga.* 463 (179 S. E. 120), s. c. 51 *Ga. App.* 58 (179 S. E. 751), where it was held that the amount sued for as attorney's fees shall not be counted in determining the "amount involved" in a suit in the municipal court of Atlanta, which is necessary to give jurisdiction to the Court of Appeals or the Supreme Court to review judgments of the municipal court of Atlanta as provided in the act of 1933 relative to that court (Ga. L. 1933, pp. 290, 294), is not applicable to the situation here presented, as the statute construed in the cited case contained language entirely different from the language of the statute relative to appeals to the superior court from a justice's court.

3. Where judgment was entered for the plaintiff for $30 as representing the face value of the policy with interest, plus $25 as attorney's fees, and $7.50 as damages, the amount claimed in the suit was over $50, and the plaintiff had the right to appeal to a jury in the superior court. The court did not err in revoking, on motion of the plaintiff, the appellant, an order dismissing the appeal, passed at the same term, and in reinstating the case.

4. In a suit to recover on a life-insurance policy for the death of the insured, where the determining issue presented by the evidence was the age of the insured at the time of the issuance of the policy, under which there would be no liability to the plaintiff in a sum exceeding the amount of the premiums paid on the policy, where the insured at the time of the issuance and delivery of the policy was over fifty-five years of age, the evidence conclusively established without dispute that at the time of the issuance and delivery of the policy the insured was over fifty-five years of age, where it appeared from the positive testimony of the wife of the insured that at the time of his death, which was one month after the issuance and delivery of the policy, he was sixty-eight years old, and the positive testimony of another witness that he had known the insured all of the witness's life, that they were boys together, and that the insured was older than the witness, who was sixty-eight years old at the time of the trial, which was about three years after the issuance and delivery of the policy, and where the only testimony tending in any way to contradict the testimony referred to was that of the plaintiff, the beneficiary under the policy, that in 1934, which was the year the policy was issued, the insured "was around fifty-five years old, that the insured did not know how old he was," and other testimony that at the time. of the issuance of the policy the agent of the insurance company who procured the policy was told by the brother of the insured that neither the brother nor the insured knew how old the insured was, but that the brother and the agent "just guessed" at the insured's age, and "put it down at fifty-five." The testimony of the plaintiff that during the year within which the policy was issued the insured was "around fifty-five years old," when construed most strongly against her, as must be done, is insufficient and possesses no probative value as tending to establish the fact that at the time of the issuance of the policy, which was in September,

1934, the insured was not over fifty-five years of age. The evidence therefore was conclusive that at the time of the issuance of the policy the age of the insured was in excess of fifty-five years.

5. It appearing without dispute from the evidence that at the time of the issuance and delivery of the policy, which was on September 17, 1934, the insured was over fifty-five years of age, and it appearing from the terms of the policy that if the age of the insured was over fifty-five years the insurance company "will not be liable for a greater amount than the premiums paid on this policy, and the beneficiary hereunder shall be bound by the provisions of this clause," the defendant was liable to the plaintiff in an amount representing only the premium paid on the policy, which was $1.50.

6. The court did not err, as against the plaintiff, in directing the verdict against the defendant for only $1.50. Since a verdict against the plaintiff's claim in an amount greater than $1.50 was demanded as a matter of law, the other rulings excepted to in the motion for new trial are immaterial. The court did not err in overruling the motion.

*Judgment affirmed. Sutton and Felton, JJ., concur.*