35622. GENERAL ASSURANCE CORPORATION v.
ROBERTS, Executor.

DECIDED OCTOBER 26, 1955.

*Dunaway & Embry, Robert E. Flournoy, Jr.,* for plaintiff in error.

*James A. Bagwell,* contra.

FELTON, C. J. ▮ The defendant in error moves for a dismissal of the writ of error on the ground that the amount involved in the action was less than $300, and that therefore the appeal should have been made to the Appellate Division of the Civil Court of Fulton County rather than to this court. The motion is without merit and is overruled. The defendant in error contends first that the penalty allowable by Code § 56-706 is not part of the "amount involved" in actions in the Civil Court of Fulton County, and secondly, that in the instant case the question of penalty and attorney's fees allowable under Code § 56-706 had been removed from the case and therefore the case became one involving only the amount claimed under the policy, i. e., $297.50. We do not agree with either contention. In *National Life & Accident Ins. Co.* v. *Lain,* 180 *Ga.* 463 (179 S. E. 120), and, s. c., 51 *Ga. App.* 58 (1) (179 S. E. 751), the courts in effect held that the attorney's fees allowable under Code § 56-706 are not part of the "amount involved" because they were expressly excluded from the term "amount involved" by Ga. L. 1933, p. 290 et seq. That act excludes from the term "amount involved" the items of interest, attorney's fees, and costs. It does not exclude the penalty allowable under Code § 56-706; therefore, that item where sued for is considered as part of the amount involved in the suit. See also, *Tate* v. *Industrial Life &c. Ins. Co.,* 58 *Ga. App.* 305, 306 (1, 2) (198 S. E. 303). Pleadings alone determine the amount involved in a suit (*Cox* v. *Dolvin Realty Co.,* 56 *Ga. App.* 649 (1), 193 S. E. 467), and the amount involved, so far as the jurisdictional amount regulating the mode of appeal is concerned, cannot be affected by the testimony of witnesses or by the finding of a jury. *Taylor* v. *Blasingame,* 73 *Ga.* 111, 112 (2); *Bell* v. *Davis,* 93 *Ga.* 233 (18 S. E. 647); *Simmons* v. *Allen,* 26 *Ga. App.* 725, 726 (106 S. E. 811). Nor can that amount be changed by the direction of a verdict. The amount involved in an action can only be changed by an actual amendment of the pleadings or by some action tantamount thereto. In *Hamilton* v. *Davis,* 79 *Ga. App.* 229 (53 S. E. 2d 234), relied on by the defendant in error, the plaintiff reduced the amount sued for in open court before the case was tried, and the case was tried on the theory of the reduced amount. Such action on the part of the plaintiff there amounted to amending the pleadings, and a

verdict, either directed by the court or returned by a jury, was governed thereby. However, in the instant case the pleadings were never amended and the direction of a verdict by the court did not have the effect of amending the petition. If the petition had been amended to eliminate the issue of penalty and attorney's fees, that issue would not have been before the court for the court to direct a verdict thereon. It would be inconsistent to say that the issue had been eliminated from the case by action which was tantamount to an amendment when the trial judge directed a verdict on the issue.

Since the amount involved, excluding interest, attorney fees, and costs exceeded $300, an appeal was properly made to this court rather than to the Appellate Division of the Civil Court of Fulton County.

■ The evidence demanded a verdict for the defendant. In cases where the application for insurance is attached to and becomes a part of the policy, in order to avoid the policy for a misrepresentation of the applicant made in the application the insurer need only show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk, and this is true although the applicant may have made the representation in good faith, not knowing that it was untrue. *Preston v. National Life &c. Ins. Co.*, 196 *Ga.* 217, 229 (26 S. E. 2d, 439, 148 A. L. R. 897). In the instant case the application contained the following question: "8. Have you, or any member of the family to be insured, ever had any disease of the heart, lungs, kidneys, stomach or bladder, or high blood pressure; paralysis, arthritis, venereal disease, cancer, diabetes, hernia, goiter or rectal disease or received other medical or surgical treatment or been advised that you should have a surgical operation? If so, explain fully below." To this question the applicant answered, "None." The application and policy were dated August 27, 1953.

Dr. Paul D. Vella, testifying in behalf of the plaintiff, testified in part: that he had treated Mrs. Wilson from October, 1949; that he attended Mrs. Wilson in St. Joseph's Infirmary in Atlanta where she was confined from September 13, 1953, until about October 17, 1953; that her reason for being admitted to the hospital was because she had had a "plain stroke"; that

subsequently to October, 1949, he had treated Mrs. Wilson for "essential hypertension and arterial disease"; that from November, 1949, aside from "little initial examinations," he had given Mrs. Wilson complete examinations on three occasions; that she had arteriosclerosis, essential hypertension, and left bundle-branch block in the heart; that hypertension, or high blood pressure, can be a serious malady. This evidence demanded a finding that the answer to question number eight contained in the application was false.

The evidence also demanded a finding that the misrepresentation was a material one. One test of the materiality of a misrepresentation is whether it influences the insurer in determining whether to accept the risk and what premium to charge. *Lee* v. *Metropolitan Life Ins Co.*, 158 *Ga.* 517, 520 (123 S. E. 737); *Commercial Cas. Ins. Co.* v. *Jeffers*, 69 *Ga. App.* 52 (3) (24 S. E. 2d 815). The defendant introduced the testimony of two witnesses who had been employed by the defendant. Part of their duties as employees of the defendant had been to process applications for insurance. Both testified that if the answer to the question number eight of the application had shown that Mrs. Wilson was suffering from high blood pressure, in view of her age of 70 years, the application would have been turned down.

The defendant in its answer alleged: "That at the time petitioner signed said application for insurance, petitioner well knew that she had visited a medical doctor on the three occasions above mentioned, and that on each occasion she had been found to have generalized arteriosclerosis, essential hypertension, and left bundle-branch block." The defendant in error contends that this set up a defense of fraud, and since the evidence showed that Mrs. Wilson did not know she was suffering from these diseases at the time she signed the application, the defendant failed to sustain its defense. The contention is without merit. As stated above in the instant case, all that the defendant needed to show to avoid liability on the policy was to show the falsity of a representation and its materiality. The allegation in the answer that Mrs. Wilson knew that she was suffering from these diseases was surplusage. "If the defendant sustains his defense by proof, he is not to be denied his rights because he has alleged too much. *Saint Clair* v. *State Highway Board*, 45 *Ga. App.* 488 (165 S. E.

297); *Garrett* v. *Morris,* 104 *Ga.* 84 (30 S. E. 685); *Fountain* v.
*L. & N. R. Co.,* 61 *Ga. App.* 180 (6 S. E. 2d 105)." *Winn* v.
*Hinson,* 64 *Ga. App.* 48, 50 (2) (12 S. E. 2d 172).

The evidence demanded a verdict for the defendant; therefore, the court erred in overruling the motion for a judgment notwithstanding the verdict.

*Judgment reversed. Quillian and Nichols, JJ., concur.*