Walter G. MERCER, Jr., Plaintiff,

v.

The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant.

Civ. A. No. 620.

United States District Court
M. D. Georgia,
Americus Division.

Dec. 18, 1967.

---

Jones, Sparks, Benton & Cork, Macon, Ga., and W. L. Ferguson, Dawson, Ga., for plaintiff.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for defendant.

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

ELLIOTT, District Judge.

The Defendant issued a policy of life insurance insuring Mrs. Mary I. S. Mercer and naming as beneficiary therein her son, the Plaintiff, Walter G. Mercer, Jr. The policy was issued on December 22, 1964 and Mrs. Mercer died of a heart attack on October 18, 1965.

The affidavits and depositions on file with the Court show that when Mrs. Mercer made application for the issuance of this policy she stated that she had never had any known indication of any heart trouble or heart murmur, when as a matter of fact she was suffering from heart trouble, and that electrocardiograms or other special tests which she had undergone had not shown any abnormalities, when as a matter of fact an electrocardiogram had revealed heart abnormalities, and in response to the question concerning what doctors she may have visited during the last five years for examination, treatment or consultation, she failed to list the name of a doctor whom she had consulted for complete physical evaluation within a few months prior to issuance of this policy. The application was attached to and became a part of the policy. The incorrectness and incompleteness of this information was not discovered by the Defendant insurance company until after the death of Mrs. Mercer, and, relying on the provisions of Georgia Code Section 56–2409, the company denied liability under the terms of the policy.[1]

---

1. 56–2409. Representations in applications.—All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:

(1) Fraudulent; or

(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount, or at the premium rate as applied for, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

The Defendant company does not charge fraud on the part of Mrs. Mercer, but relies upon the provisions of the Georgia statute preventing recovery on a policy when there have been misrepresentations, omissions, or incorrect statements which are material to the acceptance of the risk, and urges its motion for summary judgment.

In opposing the Defendant's motion Counsel for the Plaintiff concede that the statements made by Mrs. Mercer in the application were incorrect and that they were material to the assumption of the risk, but they insist that they should have opportunity to go to a jury on the question whether Mrs. Mercer acted in good faith in answering the questions in the manner in which they were answered.

The Georgia appellate courts have dealt with this question a number of times. In Preston v. National Life and Accident Insurance Company, 196 Ga. 217, 26 S.E. 2d 439, 440, 148 A.L.R. 897 (1943), the Supreme Court of Georgia said:

> "If the policy was based upon an application that was attached to and made a part of it, * * * and was procured by a false statement or representation in such application, as a result of which the risk was increased, a recovery on the policy could be defeated on such ground, and could be so defeated whether the statement made was in good faith or fraudulently." (Headnote 2.)

In General Assurance Corporation v. Roberts, 92 Ga.App. 834, 90 S.E.2d 70 (1955), the Court of Appeals of Georgia said:

> "The evidence demanded a verdict for the defendant. In cases where the application for insurance is attached to and becomes a part of the policy, in order to avoid the policy for a misrepresentation of the applicant made in the application the insurer need only show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk, and this is true although the applicant may have made

the representation in good faith, not knowing that it was untrue." (p. 837, 90 S.E.2d p. 73)

The United States Court of Appeals for the Fifth Circuit has also had occasion to pass on this question. In Manley, et al. v. Pacific Mutual Life Insurance Company of California, 5 Cir., 35 F.2d 337 (1929), that court said:

> "The representations made by the insured, touching his physical condition and consultation and treatment by physicians, were untrue, according to the undisputed evidence; and, being untrue, they afforded to the insurance company the right to cancel the policy, unless they were immaterial misrepresentations. That these representations were material is well settled by the Georgia decisions, in which state the contract of insurance was made. (Citing cases.) Under these decisions, if there be actual falsity of representation by the insured, the right of the insurer to cancel the policy exists, even though the insured had no intent to deceive. It therefore would be no defense to this suit that the insured was unaware of his physical and mental condition as it existed in 1914. The contract of insurance was entered into on the basis that the representations of the insured were true as a matter of fact." (p. 338)

In Smith v. John Hancock Mutual Life Insurance Company, 5 Cir., 249 F.2d 657 (1957), that Court said:

> "We think it clear from the language of the statute that a policy of life insurance may be voided by the company for misrepresentation, if no fraud is charged, only by proof of two elements: falsity in the representation and materiality of the representation.
>
> *   *   *   *   *   *
>
> "It is appropriate to point out two other issues that are not involved. One is knowledge of the falsity by the applicant, because there is not here present any question of fraud or bad faith. * * * The theory on which the law avoids such a contract is that it has

been entered into by the insurance company without knowledge of the true facts affecting the risk. * * * (pp. 659 and 660)

In Franklin Life Insurance Company v. State Neon Sign Company, Inc., 5 Cir., 329 F.2d 456 (1964), that Court said:

"The law of Georgia is that a false representation contained in an application for insurance which changes the nature, extent, or character of the risk voids the policy. * * * And where, as here, the applications for insurance are attached to and made a part of the policies, it is not necessary to show any knowledge of the falsity by the insured because there is no issue of fraud or bad faith. It is only necessary to show that the applicant made a material representation that was untrue." (p. 457)

But Counsel for the Plaintiff contend that there is involved in the case before us a circumstance which takes this case out of the recognized rule, the alleged difference being that Mrs. Mercer did not make a flat statement that her answers were true and correct, but instead that they were true and complete "to the best of my knowledge and belief", and Counsel insist that this opens up the question of good faith, citing some language from a decision of the Supreme Court of Georgia in O'Connell v. Supreme Conclave Knights of Damon, 102 Ga. 143, 28 S.E. 282 (1897).

The Court feels that reliance on the O'Connell decision in the circumstances of the case now before us is not well placed for the reason that in the O'Connell case the insurance company defended on the ground of fraud, as distinguished from misrepresentation and omission (see division 2 of the Court's opinion). That the Georgia Supreme Court did not intend by its decision in O'Connell to alter the general rule with regard to representations is further suggested by the fact that a few years later the same court in another case said:

"Wherever an applicant for life insurance makes material representa-

tions in his application or examination, and covenants that they are true, under the above section of the Code, and these representations are made the basis of the contract of insurance, such contract is void if the representations vary from the truth in such manner as to change the nature, extent, or character of the risk. This is true although the applicant may have made the representations in good faith, not knowing that they were untrue."

and cited the O'Connell case as authority for the statement. See Supreme Conclave Knights of Damon v. Wood, 120 Ga. 328, at 337, 47 S.E. 940 (1904).

We conclude that good faith is not an issue in this case and since it is conceded that there were misrepresentations, incorrect statements, and/or omissions, in the application for this policy, and that these matters were material to the assumption of the risk involved, there is not, therefore, any material issue of fact remaining and that the Defendant's motion for summary judgment should be sustained.

Even if the Plaintiff were allowed to introduce evidence on the question of good faith it does not appear that the result could be different, for if the use of the phrase "to the best of my knowledge and belief" did excuse Mrs. Mercer from stating that she had heart trouble on the theory that this was something that was only related to her by her physicians and, therefore, not something which was within her personal knowledge, or on the theory that she may not have understood what the doctors told her, still this would not excuse her from failing to disclose that she had had consultation with and complete physical evaluation by a physician shortly before making application for insurance, this being a matter certainly within her knowledge and being called for by a specific question in the application to which she did not give correct response, and a jury would have no basis for concluding otherwise.

The Defendant's motion for summary judgment is sustained. Since a return premium is involved, Counsel for the Defendant will submit to the Court an appropriate judgment to be entered.