**AVEMCO INSURANCE COMPANY**

v.

**N. R. ROLLINS et al.**

**Civ. A. No. 1049.**

United States District Court,
N. D. Georgia,
Newnan Division.

March 29, 1974.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

Johnson & Beckham, Carrollton, Ga., Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendants.

## ORDER

HENDERSON, District Judge.

This is a diversity action for declaratory judgment and rescission of the insurance policy Avemco Insurance Company (hereinafter referred to as "Avemco" or "insurer") issued to N. R. Rollins and Larry R. Flowers. The plaintiff insurer seeks a determination of its obligation to indemnify and defend defendants Rollins and Flowers in suits now pending and which may arise from circumstances involving an aircraft crash on November 21, 1971. Presently pending are the summary judgment motions of Avemco and the defendants McGees and Nixons, each contending no genuine issue of material fact remains and that, as a matter of law, they are entitled to judgment.

Avemco contends that the defendants, Rollins and Flowers, in applying for a policy of aviation insurance, knowingly and willfully misrepresented certain material facts. These misrepresentations are claimed to be critical to the acceptance of the risk and the hazard assumed by the plaintiff. In response, the defendants deny Avemco is entitled to relief or that the policy should be rescinded. Michael Eugene McGee, Joyce McGee, Melvin McGee, Mildred Nixon and Jerrell Nixon, contend that the plaintiff waived and ratified the alleged misrepresentations by Rollins and Flowers and is estopped to deny coverage; that it had no right to rely upon the alleged misrepresentations of the defendants, Rollins and Flowers; that the plaintiff failed to use reasonable diligence to protect itself from the alleged misrepresentations, if they existed; and that the suit is barred by laches.

Avemco issued to Rollins and Flowers a policy of comprehensive aircraft insurance, effective January 21, 1971, for a term of one year in payment of a premium of $600.00. In applying for coverage, the insureds represented to Avemco that they held a private pilot's license, when in fact each held only a student pilot certificate rating. Had the truth of the matter been known, Rollins and Flowers would probably have been insured by Avemco, but at a higher premium rate and the policy would have contained a declaration for coverage extending only to Rollins and Flowers and "any private or commercial pilot who has not less than 100 hours experience as pilot in command, of which at least ten hours were in aircraft having 188 H.P. or over and one hour was in the same model as the insured aircraft." (Affidavit of Charles W. Hubbard, July 20, 1973).

On November 21, 1971, the defendant, Rollins, while transporting passengers in his aircraft, was involved in an accident which resulted in injury to Rollins and Michael Eugene McGee and the death of Terry Wayne Nixon. Upon being notified of the crash on November 23, 1971 Avemco discovered, in verifying the license status of Rollins through the Aircraft Owners & Pilots Association in Oklahoma City, Oklahoma, that the insured held only a student's license. (Deposition of Don. Kehaya of October 12, 1973 at 7, 9). Subsequently, on December 2, 1971, the plaintiff notified Rollins and Flowers that it would not provide coverage under the policy because of the alleged misrepresentations contained in the application. In February of 1972 the insurer paid the Fulton National Bank its mortgage interest on the destroyed aircraft as loss payee under the breach of warranty provisions of the insurance contract. Thereafter, on April 5, 1972, Avemco returned to the insured the unearned liability premium of $22.00 on the policy. Allegedly, the return of the premium was a routine function of the in-

surer's accounting department and made by persons unaware of the plaintiff's denial of coverage. (Shrout Deposition of November 2, 1973, at pp. 12–13, 16–17).

■ In diversity actions, the substantive legal issues must be resolved by the forum state's conflict of law rules. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Maryland Casualty Co. v. Williams, 377 F.2d 389 (5th Cir. 1967). Under the Georgia choice of law rule, the validity, form and effect of insurance contracts are governed by the laws of the place where they are made under the principle of *lex loci contractus*. John Hancock Mutual Life Insurance Company v. Yates, 50 Ga.App. 713, 179 S.E. 239 (1934), aff'd 182 Ga. 213, 185 S.E. 268, rev'd on other grounds 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106; cf. Massachusetts Benefit Life Association v. Robinson, 104 Ga. 256, 30 S.E. 918 (1898). The law of this state provides that insurance contracts are considered made at the place where the contract was delivered. Iowa State Travelers Mutual Association v. Cadwell, 113 Ga. App. 128, 147 S.E.2d 461 (1966); Pink v. AAA Highway Express Inc., 191 Ga. 502, 13 S.E.2d 337 (1941), aff'd 314 U.S. 201, 62 S.Ct. 241, 86 L.Ed. 152. Because this policy was delivered to Rollins and Flowers in Carroll County, Georgia, it was made in Georgia and is controlled by Georgia law.

■ A false representation or misrepresentation avoids a contract of insurance when it is material, regardless of the intent with which it was made. Vance, The Law of Insurance (3rd ed. 1951) § 67 at 389.

Correlatively speaking, a misrepresentation in insurance is an oral or written statement, made by the insured or his authorized agent to the insurer or his authorized agent, of something as a fact which is untrue, is known to be untrue, and is stated with intent, or has a tendency, to mislead or deceive, or which is stated positively as true without its being known to be true, and which has a tendency to mislead, such statement relating in every case to material facts. A misrepresentation is a false representation of a material fact tending directly to induce the making of the contract. In other words a misrepresentation is a statement of something as a fact which is untrue and material to the risk, and which the insured states, knowing it to be untrue, in an attempt to deceive, or which he states positively is true, without knowing it to be true, and which has a tendency to mislead.

The word "misrepresentation" in policies of insurance is taken in the same sense as that in which it is ordinarily used in common speech and is not a technical term, meaning merely a false statement touching a matter material to the risk. (footnotes omitted).

Couch on Insurance 2d, § 35:4 at 11–12. Following the general rule, Ga.Code Ann. § 56–2409 provides:

All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:

(1) Fraudulent; or

(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount, or at the premium rate as applied for, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

■ The undisputed facts make it clear that the incorrect statements would

ordinarily prevent recovery under the policy. Their statements relating to their flying status were material to the acceptance of the risk or the hazard insured by Avemco. 45 C.J.S. Insurance § 473(4)(d); Lee v. Metropolitan Life Insurance Co., 158 Ga. 517, 520–521, 123 S.E. 737 (1924). Had the insurer possessed the correct information the policy would not have been issued at the lower rate and the coverage would have been more restrictive. Ga.Code Ann. § 56–2409(2)(3). In a recent and similar case, All American Life & Casualty Co. v. Saunders, 125 Ga.App. 7, 10–11, 186 S.E.2d 328, 331 (1971), the Court of Appeals of Georgia noted:

"In cases where the application for insurance is attached to and becomes a part of the policy, in order to avoid the policy for misrepresentation . . . the insurer need only show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk and this is true although the applicant may have made the representation in good faith, not knowing that it was untrue. Preston v. Nat. Life, etc., Ins. Co., 196 Ga. 217, 229, 26 S.E.2d 439, 148 A.L.R. 897; General Assurance Corp. v. Roberts, 92 Ga.App. 834, 837, 90 S.E.2d 70." Gilham v. National Life, etc., Ins. Co., 104 Ga.App. 459, 460, 122 S.E.2d 164, 165. See Mutual Benefit Health, etc., Assn. v. Bell, 49 Ga.App. 640, 176 S.E. 124. "An applicant is prima facie charged with knowledge of the contents of an application signed by him. . . ." Jessup v. Franklin Life Insurance Company, 117 Ga.App. 389(2), 160 S.E.2d 612 (1968)

Reserve Life Insurance Company v. Chalker, 127 Ga.App. 565, 194 S.E.2d 290 (1972); see Reserve Life Insurance Co. v. Bearden, 96 Ga.App. 549, 550–551, 101 S.E.2d 120 (1957) aff'd 213 Ga. 904, 102 S.E.2d 494.

In opposing the plaintiff's motion for summary judgment, the defendants, McGee and Nixon, assert that Avemco "had no right to rely upon these representations and that it failed to use reasonable diligence to protect itself from the misrepresentation of the insureds." (Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment, at p. 12).

The court is not aware of any legal requirement for an insurance company to determine the truth or falsity of representations made in an application for insurance. Indeed, it is a time honored rule that the highest degree of good faith is demanded of the parties to an insurance contract. Vance, supra, § 13 at p. 100. 45 C.J.S. Insurance § 473(4)(d) at 170–179. In an analogous situation, the Supreme Court of Georgia held that failure of an insurer to confirm, by way of investigation, material representations made in the procurement of a policy does not deny the insurer a defense of fraud or misrepresentation, even though the examination would have revealed a false statement. Lee v. Metropolitan Life Insurance Co., *supra*, 158 Ga. at 522–523, 123 S.E. 737 (1924). Because of the relationship between insurer and insured, the reliance by Avemco on the representation respecting the flying status was reasonable. This contention of the defendants is without merit.

It is further urged that this action for declaratory judgment is barred because of laches. The chronology of events, however, does not demonstrate delay or neglect on the part of the insurer sufficient to bar this suit. The policy was cancelled within seven days after the crash. Thereafter, the mortgagee's claim was settled under the breach of warranty provision of the contract and the unearned premium returned. The present action was brought within one month after the filing of death and personal injury claims in the Superior Court of Carroll County, Georgia. Until the state court suits were filed the defendant insurer had no reason to seek a declaration of its rights since it had disavowed any liability under the policy. Had Avemco sought a declaratory judgment immediately after it learned of the misrepresentation, as suggested by the

defendants, it would not have been entertained by this court or a state court.

The federal case law respecting declaratory judgments is well settled. "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." Public Affairs Associates v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962) (and cases cited therein.) The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that an "actual controversy" must exist before declaratory relief may be granted. The Supreme Court defines a case ripe for adjudication as one of "concrete legal issues, presented in actual cases, not abstractions." Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969), citing United Public Workers of America v. Mitchell, 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed. 754 (1947). In Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941) the Court sought to fashion a test to determine a "controversy" contemplated by the Declaratory Judgment Act as opposed to an abstract question. It was there held that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

The Georgia appellate courts have likewise decided that declaratory judgment is a proper remedy where there is a "substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." LaSalle National Insurance Co. v. Popham, 125 Ga.App. 724, 728, 188 S.E.2d 870, 872 (1972), citing St. Paul Fire and Marine Insurance Co. v. Johnson, 216 Ga. 437, 438, 117 S.E.2d 459, quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., supra at 312 U.S. 273, 61 S.Ct. 510.

In *Popham,* 125 Ga.App. at page 728, 188 S.E.2d at page 872, the court stated:

[t]he rule as to when an insurer may properly proceed for declaratory judgment is clearly stated in Nationwide Mut. Ins. Co. v. Peek, 112 Ga.App. 260, 145 S.E.2d 50; "Where an insurer denies coverage under a particular policy and seeks to relieve itself of its obligation to defend a pending suit against an insured because of circumstances pleaded which cast doubt on the coverage of the policy as applied to those circumstances, *there is such an immediacy of choice imposed upon it as to justify an adjudication by declaratory judgment.*" (emphasis added).

Consequently, this action is timely and the assertion that it is barred by laches is untenable.

The defendants also maintain that the insurer waived its right to contend the policy was void because it (1) cancelled the policy after the date of the crash and returned the unearned premiums or (b) made payment to a lien holder under the policy's breach of warranty provisions. As previously noted, liability may be *avoided where a material misrepresentation* is made concerning the risk or hazard or if the premium rate or coverage would have been different had the true facts been known. Ga.Code Ann. § 56-2409. Avoidance or rescission is not cancellation. Couch, *supra,* § 67:35 at 412. Rescission voids the policy *ab initio* and this is the remedy the plaintiff now seeks. The insurance company took immediate action to avoid the policy upon hearing of the false statements. Furthermore, the Georgia courts have held that avoidance of liability under a policy induced by fraud or misrepresentation may be asserted without return of premiums to the insured. Columbian National Life Insurance Co. v. Mulkey, 146 Ga. 267, 268–272, 91 S.E. 106 (1916); Golden v. National Life & Accident Insurance Co., 189 Ga. 79, 88, 5 S.E.2d 198 (1939); cf. Curry v. Washington National Insurance Co., 56 Ga. App. 809, 810–811, 194 S.E. 825 (1937).

Thus, the remittance of the unearned premiums and the later payment of the entire premium paid by the insured into the registry of the court, while necessary for cancellation, is not necessary in the case of rescission. Ga.Code Ann. §§ 56-2430, 2409. This act of Avemco does not constitute a waiver of its right of rescission.

The defendants go further and claim that the right of avoidance was waived by the insurer's payment to Fulton National Bank, the mortgagee. The payment to the bank for the physical loss of the aircraft was an act wholly unrelated to the obligation once owed to the named insured. The breach of warranty provision of the policy is an agreement with the mortgagee whereby the insurer shall pay the lienholder for its loss in the event of the destruction of the mortgaged property and thereby be subrogated to the mortgagee's rights. (Plaintiff's Exhibit A). Such agreements are standard requirements of financial institutions dealing with aviation financing and placed in policies for their protection since they have no control over an insured's representation to the insurer or the use of the aircraft. The breach of warranty provision is a contract separate from the agreement between the insurer and insured and as such, requires a separate premium charge which, in this case, was $29.00. (See Shrout Deposition, Nov. 2, 1973 at 21-23, 25-27; Kehaya Deposition, Oct. 12, 1973 at 9, 12-13, 23-25). The payment of the mortgage balance by Avemco to the bank was satisfaction of that contract between them and is irrelevant to any obligation the insurer had to Rollins and Flowers. Therefore, this conduct by Avemco does not amount to a waiver of its right to void the policy.

The plaintiff's motion for summary judgment is granted. The plaintiff is directed to submit a proposed judgment in accordance with the terms of the order, within ten (10) days of the filing of this order.